**A. B. SMITH, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 48909.

Court of Criminal Appeals of Texas.

July 17, 1974.

Rehearing Denied Sept. 18, 1974.

R. Temple Dickson, Sweetwater, for appellant.

Ed Paynter, Dist. Atty., Bud Arnot, Asst. Dist. Atty., Abilene, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from an order revoking probation.

On June 4, 1973, appellant was convicted for the misdemeanor offense of driving a motor vehicle on a public road while intoxicated. The court assessed punishment at ten days in jail, probated for six months, and a fine of $150.00. One of the conditions of his probation was that he commit no offense against the laws of this State.

On December 3, 1973, a motion to revoke probation was filed alleging that appellant had violated one of the conditions in that he committed the offense of driving while intoxicated on November 20, 1973, in Nolan County. A hearing on the motion to revoke probation was held on January 24, 1974.

Appellant's sole contention is that the trial court abused its discretion in revoking his probation because it did so after his probationary period had expired.

The record reflects that the motion to revoke probation was filed and the capias was issued on December 3, 1973, before the probation period had expired. The cases relied on by the appellant are distinguishable from the case at bar. In Coffey v. State, Tex.Cr.App., 500 S.W.2d 515, the filing of the motion to revoke probation and the issuance of capias both occurred after the expiration of the probationary period. In Stover v. State, 365 S.W.2d 808, the record was silent as to the issuance of a capias. Likewise, in Pollard v. State, 172 Tex.Cr.R. 39, 353 S.W.2d 449, the order revoking probation was reversed because the record did not contain an order for appellant's arrest before the probation period had expired. The cases of Bobo v. State, Tex.Cr.App., 479 S.W.2d 947, and Ex parte Fennell, 126 Tex.Cr.R. 286, 284 S.W.2d 727, hold that where a violation occurs and a warrant issues within the probationary period and the hearing is not thereafter unduly delayed the court has authority to revoke probation though the term has expired before the order is entered. These cases are controlling. Cf. Lynch v. State, Tex.Cr.App., 502 S.W.2d 740.

In the present case both the filing of the motion to revoke and the issuance of the capias occurred before the expiration of appellant's probationary period.

The fact that appellant was not arrested before such term had expired is not controlling because such a rule would allow a violation of the terms of probation and the evasion of process to defeat the purpose of the probation law. The trial court did not abuse its discretion in revoking probation.

The order revoking probation is affirmed.