Earnest ZILLENDER, Appellant,

v.

The STATE of Texas, Appellee.

No. 52942.

Court of Criminal Appeals of Texas.

Nov. 9, 1977.

Melvyn Carson Bruder, Dallas, for appellant.

Henry Wade, Dist. Atty., William M. Lamb and Kelly Loving, Asst. Dist. Attys., Dallas, Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

### ON APPELLANT'S MOTION FOR REHEARING

ROBERTS, Judge.

On original submission, the appellant asserted that the trial court erred in overruling his objection to the use of a prior probated conviction for impeachment purposes by the State. In considering appellant's contention, we held that the error, if any, was waived. We now hold that there was no waiver and that the impeachment was improper, but that the error was harmless beyond a reasonable doubt.

The record reflects that the appellant robbed the complainant at gunpoint in Dallas. Shortly after the robbery, the appellant and his co-defendant were arrested. The fruits of the robbery and the weapon used during the robbery were found in the possession of the appellant and his co-defendant.

At trial, the appellant's confession was introduced in evidence and the complainant identified the appellant as one of the two robbers. The appellant denied committing the offense, denied signing the confession, and denied having any of the fruits of the robbery in his possession.

The record further reflects that after the appellant took the stand the prosecutor attempted to impeach him on cross-examination with a prior probated conviction. Counsel for the appellant objected on the grounds that the conviction was not a final conviction and requested the opportunity, in the event his objection was overruled, to prove the lack of finality of the conviction by a bill of exception.

The jury found the appellant guilty and the trial judge assessed punishment at twenty-five (25) years in the Texas Department of Corrections.

The essential question is whether the objection was sufficiently specific to preserve for review the issue of whether the probationary period of the prior conviction had expired, thereby rendering the conviction neither final nor within the purview of Article 38.29, Vernon's Ann.C.C.P.

■ The generally acknowledged policies of requiring specific objections are twofold. First, a specific objection is required to inform the trial judge of the basis of the objection and afford him the opportunity to rule on it.[1] Second, a specific objection is required to afford opposing counsel an opportunity to remove the objection or supply other testimony. McCormick, Handbook of the Law of Evidence, Sec. 52, p. 113, 115 (2d ed. 1972); 4 Jones, The Law of Evidence, Sec. 28:2, p. 276 (6th ed. 1972). In accordance with these policies, a number of exceptions to the general rule that a party cannot complain on appeal to the overruling of a general objection or an imprecise specific objection have been created. 1 McCormick & Ray, Evidence, Sec. 25, p. 25 (2d ed. 1956). Thus, where the correct ground of exclusion was obvious to the judge and opposing counsel, no waiver results from a general or imprecise objection. McCormick & Ray, supra.

In the case at bar, the trial judge took judicial notice of ". . . all of the proceedings, and all of the documents and all of the pleas in Cause C–70–5096–LJ . . ." (the probated conviction in question). This was permissible since the prior conviction and objection had been before him. *Fleming v. State*, 502 S.W.2d 822 (Tex.Cr.App. 1974); *Horman v. State*, 423 S.W.2d 317 (Tex.Cr.App.1968); *Armstrong v. State*, 120 Tex.Cr.R. 526, 46 S.W.2d 987 (1932). The trial judge therefore had knowledge that the probationary period had expired. This knowledge also rendered plausible the proposition that defense counsel's objection obviously was directed at the inadmissibility of the prior conviction because of the expiration of the probationary period. The trial judge's action in ruling that there was no showing of the finality of the conviction supports this conclusion.

■ The trial judge's determination that the record did not reflect a showing of finality was also sufficient to put counsel for the State on notice of the objection. This conclusion stems from the proposition that where the State attempts to impeach a defendant's credibility by proof of a prior conviction, whether it be a felony or misdemeanor involving moral turpitude, the burden is on the defendant to show that the conviction was not a final conviction unless the record otherwise so reflects. *Poore v. State*, 524 S.W.2d 294 (Tex.Cr.App.1975); *Smith v. State*, 409 S.W.2d 409 (Tex.Cr.App. 1966); *Herrin v. State*, 97 Tex.Cr.R. 494, 262 S.W. 486 (1924). Where the defendant meets this burden or the record otherwise reflects that the conviction is not final, then an objection that the prior conviction is not final is sufficient to preserve error predicated on the basis that the conviction is not final because the probationary term has expired. Therefore, since the record re-

---

1. A collateral but important ramification of this function is to provide the trial court with an opportunity to attempt to cure any harm resulting from the action giving rise to the objection. *Coleman v. State*, 481 S.W.2d 872 (Tex.Cr.App. 1972) and cases cited therein.

flects that the trial judge took judicial notice of all of the proceedings involving the prior conviction, and the probationary period of the prior conviction had expired prior to the trial of this cause, the record reflects the lack of finality of the prior conviction. *Horman v. State,* supra; *Cannon v. State,* 479 S.W.2d 317 (Tex.Cr.App.1972); *Fleming v. State,* 502 S.W.2d 822 (Tex.Cr.App.1973). We are unable to conclude that the objection, in light of the foregoing, did not disclose the nature of the objection to the prosecutor.[2]

Moreover, the instant case is distinguishable from *Parker v. State,* 384 S.W.2d 712 (Tex.Cr.App.1964), where the defendant was impeached on cross-examination during the guilt stage of the trial with a prior probated burglary conviction. Even though the probationary period there had expired, the conviction was set aside, and the case dismissed pursuant to Article 781d, Sec. 7, V.A.C.C.P. (now Article 42.12, Sec. 7, Vernon's Ann.C.C.P.). The court noted that under Article 732a, V.A.C.C.P. (now Article 38.29, Vernon's Ann.C.C.P.), such an impeachment was improper. Counsel, however, merely moved for a mistrial without stating his grounds for the mistrial. The Court, in overruling defendant's contention, stated:

> "A different question would be raised had the appellant directed the trial court's attention to his motion praying that the district attorney be instructed not to bring before the jury the fact that he had been previously convicted in the cause in which he was granted probation, the term of which had expired and the conviction set aside." *Parker v. State,* supra at 714.

Also distinguishable is *Goad v. State,* 464 S.W.2d 129 (Tex.Cr.App.1971), where the prosecutor cross-examined the defendant during the guilt stage of the trial about a probated burglary conviction in which the probationary period had expired. A review of the record in that case reveals that counsel for the defendant objected by stating:

> "We think this is improper. We think the objection is not admissible under Article 38.29 of the Texas Code of Criminal Procedure; and we ask the jury disregard that matter."

This Court held that the objection failed to ". . . direct the court's attention to any claim that probation had been granted and the probationary period had expired." This Court also noted that the record, including the transcription of the court reporter's notes of the penalty stage,[3] failed to disclose the expiration date of the probationary period.

Both *Parker,* supra, and *Goad,* supra, are distinguishable from the case at bar. First, in *Parker* there was no statement of the grounds relied upon by defense counsel. Second, in *Goad* there was no showing in the record that the probationary period had expired. Unlike *Parker,* however, appellant's counsel in this case objected on the ground that the conviction was not final. Moreover, in this case, unlike *Goad,* the record does reflect the expiration date of the probationary period because of the trial judge's action in taking judicial notice of the prior conviction. The objection was sufficient to preserve the ground of error.

We now turn to the merits of appellant's contention. Article 38.29, supra, states:

> "The fact that a defendant in a criminal case, or a witness in a criminal case, is or has been, charged by indictment, infor-

---

**2.** We would note that proper prosecutorial preparation of a case would include a determination by the prosecutor of the status of a prior conviction. Thus, if the prosecutor was aware that the conviction had been probated, and that the probation had expired, then the attempted impeachment would have been in bad faith. *Goad v. State,* 464 S.W.2d 129, 133 (Tex.Cr.App.1971). The record, however, is silent to this point. For an example of the appropriate

procedure where the issue of bad faith is raised, see *Martin v. State,* 491 S.W.2d 928, 930 (Tex.Cr.App.1973). Cf. *Love v. State,* 533 S.W.2d 6, 12 (Tex.Cr.App.1976) (dissenting opinion).

**3.** At the penalty stage, the prior probated conviction could have been admissible even though the probationary period had expired. Article 37.07, Vernon's Ann.C.C.P.

mation or complaint, with the commission of an offense against the criminal laws of this State, of the United States, or any other State shall not be admissible in evidence on the trial of any criminal case for the purpose of impeaching any person as a witness unless on trial under such indictment, information or complaint a final conviction has resulted, or a suspended sentence has been given and has not been set aside, *or such person has been placed on probation and the period of probation has not expired. . . ."* (Emphasis added.)

 The cases have established that it is error to permit impeachment during the guilt stage of the trial by use of a prior probated conviction where the probationary period has expired prior to the date of the attempted impeachment. *Mills v. State*, 508 S.W.2d 823 (Tex.Cr.App.1974); *Nichols v. State*, 494 S.W.2d 830 (Tex.Cr.App.1973); *Smith v. State*, 455 S.W.2d 282 (Tex.Cr.App. 1970). The trial judge clearly erred in concluding that the prior conviction could be used for impeachment.

The State, however, contends that the prior probated conviction was admissible because a motion to revoke the defendant's probation had been filed prior to the expiration date of the probated conviction. While it is clear that the prior conviction would have been admissible had the defendant's probation in fact been revoked, *Roliard v. State*, 506 S.W.2d 904 (Tex.Cr.App.1974), the issue raised by the State is one of first impression.

The record reflects that the motion to revoke and the capias were issued one day prior to the expiration of the probationary period. The capias was served on the appellant on May 23, 1975, eleven and one-half months after the probationary period had expired. A copy of the motion to revoke was served on the appellant on July 17, 1975. The trial of the instant case occurred on September 15 and 16, 1975.

 The decisions of this Court indicate that the filing of a motion to revoke and issuance of a capias prior to the expiration of the probationary period vest a limited jurisdiction in the trial court to hear the motion after the expiration of the probationary period.[4] *Strickland v. State*, 523 S.W.2d 250 (Tex.Cr.App.1975); *Coffey v. State*, 500 S.W.2d 515 (Tex.Cr.App.1973); *Ortega v. State*, 414 S.W.2d 465 (Tex.Cr. App.1967); *Ex Parte Fennell*, 162 Tex.Cr. App. 286, 284 S.W.2d 727 (1955). The mere filing of a motion to revoke and issuance of a capias do not, however, automatically terminate probation. The State must prove by a preponderance of the evidence that a condition of probation was violated. *Woods v. State*, 533 S.W.2d 16 (Tex.Cr.App.1976); *Scamardo v. State*, 517 S.W.2d 293 (Tex.Cr. App.1975). Acceptance of the State's position would elevate the filing of a motion to revoke to the status of an adjudicated finding by a court that probation could in fact be revoked. The State's position therefore creates, at least for purposes of impeachment pursuant to Article 38.29, an irrebuttable presumption that probation would in fact be revoked merely because a motion to revoke probation had been filed. This irrebuttable presumption violates due process of law. *Vlandis v. Kline*, 412 U.S. 441, 93 S.Ct. 2230, 37 L.Ed.2d 63 (1973).[5]

4. This assumes, of course, that the State diligently attempts to prosecute the motion, *Nicklas v. State*, 530 S.W.2d 537 (Tex.Cr.App.1975); *Stover v. State*, 365 S.W.2d 808 (Tex.Cr.App. 1963). Also, the right of the court to revoke probation is limited to those violations of probation alleged in the revocation motion filed prior to the expiration of the probationary period. *Nicklas v. State*, supra; *Standly v. State*, 517 S.W.2d 538 (Tex.Cr.App.1975); *Cox v. State*, 445 S.W.2d 200 (Tex.Cr.App.1964) (concurring opinion); *McBee v. State*, 166 Tex. Cr.R. 562, 316 S.W.2d 748 (1958).

5. Moreover, there are strong policy reasons to condemn this attempted circumvention of Article 38.29. The standard of proof applicable in a probation revocation proceeding is by a preponderance of the evidence. *Woods v. State*, supra; *Scamardo v. State*, supra. Given this burden, requiring the State to prosecute a motion to revoke probation and obtain a revocation of probation before a probated conviction may be used for impeachment purposes not only eliminates any potential abuse by the filing of probation revocation motions to provide impeachment evidence for an anticipated trial, but also provides substantial compliance with the policy behind Article 38.29.

However, because of the positive identification of the appellant by the complainant, the appellant's confession, and the appellant's possession of the fruits of the robbery and the weapon used during the robbery, we have concluded that the erroneous impeachment was harmless beyond a reasonable doubt. The appellant's contention is overruled.

The appellant's motion for rehearing is overruled.

DOUGLAS, Judge, concurring in part and dissenting in part.

The appellant's motion for rehearing should be overruled, but not for the reasons given by the majority. The objection that the State did not show a final conviction is not pertinent. No one contends that one who has been placed on probation has been finally convicted. If appellant had wanted to call to the court's attention that probation had expired he should have made that objection.

His ground of error on appeal is different from the objection urged during the trial. His ground of error is:

"The trial court erred in permitting the State to impeach the defendant with evidence that he had been previously convicted of a crime for which he was placed on probation and the period of probation had expired, in violation of Tex.Code Crim.P.Ann.Art. 38.29 (1965)."

This is quite different from the objection:

". . . on the ground that the question, as stated, is in violation of the Code of Criminal Procedure in that any prior conviction, which is not a final conviction cannot be used against a defendant at the guilt or innocence stage of the trial, and that there is no showing by the District Attorney's office that it is a final conviction and can be used against the defendant in this cause."

Different contentions on appeal from those at the trial will not be considered. *Bouchillon v. State*, 540 S.W.2d 319 (Tex.Cr.App.1976); *Reece v. State*, 521 S.W.2d 633 (Tex.Cr.App.1975), and *Moore v. State*, 480 S.W.2d 728 (Tex.Cr.App.1972).

Article 38.29, V.A.C.C.P., provides that a witness in a criminal case may be impeached if such person has been placed on probation and the period of probation has not expired.

In this case a motion to revoke probation was filed prior to the expiration of the probationary period. Even in view of this, the majority holds that the probationary period had expired and that the motion to revoke probation meant nothing. The court could still have revoked probation and therefore it must have been pending. It has not been shown that appellant had lived up to the terms of probation. The report of the probation officer reflects that he committed other crimes during the probationary period. It is the apparent intent of the Legislature that where one lives up to the condition of probation, he may have the disabilities connected with it set aside. See Article 42.12, Section 7, V.A.C.C.P. Probation had not been set aside.

The effect of the majority's holding is that if a motion to revoke probation is filed during its term and a probationer cannot be found, he gains by leaving the jurisdiction or hiding out and he can testify during a trial and cannot be cross-examined as to the prior pending conviction for which he may go to the penitentiary. This is not sound in law or in logic.

In this case, the State had filed a motion to revoke probation before it had expired. This Court in many cases has held that even if the term of probation has expired, it can be revoked if the State (1) files a motion to revoke; (2) has a warrant or capias issued within the probationary period; and (3) holds a revocation hearing without undue delay. See *Smith v. State*, 513 S.W.2d 81 (Tex.Cr.App.1974); *Coffey v. State*, 500 S.W.2d 515 (Tex.Cr.App.1973).

In the present case the motion to revoke probation alleged that appellant had failed to report for three months immediately prior to the filing of the motion to revoke

probation. Appellant's testimony at the trial showed that he was living at one address and was claiming another address as his residence. Like presenting a ground of error differing from the objection, appellant, upon appeal only, claims lack of diligence in revoking probation.

The situation is analogous to the tolling of a limitation period in which one may be charged with an offense. Absence from the State or the pendency of a prior charge will toll the running of statute of limitations.

The majority reaches the right result for the wrong reasons.

PHILLIPS, Judge, dissenting.

I agree that Art. 38.29, V.A.C.C.P., absolutely prohibits admissibility of the prior conviction admitted herein to impeach the appellant as a witness, but cannot concede correctness of the majority's conclusion that such error was harmless.

All courts accept and agree as a matter of fact and law that a previous conviction of a felony or offense involving moral turpitude is a matter properly to be considered by a trier of fact in deciding whether or not to believe a witness. The prosecutor, who was present and observing the demeanor and reactions of the jury to the testimony of the witnesses, including the appellant, apparently thought that such impeaching evidence might be necessary to obtain a conviction or surely such would not have been injected over the defense objection. Where a defendant takes the stand and denies any involvement in the offense charged, for this Court to hold such evidence harmless requires an adjudication by this Court that the jury would have given greater weight to and accepted as true the evidence conflicting with the defendant's testimony even if the defendant had not been so impeached. This Court is precluded from such adjudication by Art. 38.04, V.A.C.C.P., which provides as follows:

"The jury, in all cases, is the exclusive judge of the facts proved and the weight to be given to the testimony."

I respectfully dissent.