Michael L. Thompson v. The State of Texas















IN THE
TENTH COURT OF APPEALS
 

No. 10-99-202-CR

     MICHAEL L. THOMPSON,
                                                                         Appellant
     v.

     THE STATE OF TEXAS,
                                                                         Appellee
 

From the 18th District Court
Johnson County, Texas
Trial Court # 33133
                                                                                                                
                                                                                                            
O P I N I O N
                                                                                                                
   
            The jury convicted Michael Lee Thompson of three counts of aggravated sexual assault
(counts one, two and three), four counts of indecency with a child by contact (counts four, five,
seven and eight), and one count of indecency with a child by exposure (count six). The jury
sentenced him to a term of life imprisonment on each count of aggravated sexual assault, and
fifty years’ imprisonment on each of the remaining counts. He claims in thirteen issues that the
trial court erred by: erroneously overruling his challenges for cause against twelve veniremen
who stated an unequivocal bias against the minimum punishments for the offenses charged
(twelve issues); and the trial court improperly commented on the evidence when admonishing the
jury during deliberations.
        An erroneously denied challenge for cause by the defense must be preserved for appeal by
showing that the defendant: (1) exhausted all peremptory challenges, (2) asked for and was
refused additional peremptory strikes, and (3) was then forced to take an identified objectionable
juror whom appellant would not otherwise have accepted had the court granted his challenge for
cause. See Burks v. State, 876 S.W.2d 877, 893 (Tex. Crim. App. 1994); Chambers v. State, 866
S.W.2d 9, 23 (Tex. Crim. App. 1993); Jones v. State, 833 S.W.2d 118 (Tex. Crim. App. 1993). 
The absence of any one of the elements will not preserve error on appeal.
       In this case, the record clearly reflects that defense counsel made an initial challenge for
cause to twelve veniremen. The state rehabilitated the veniremen and the court overruled
Thompson’s challenges for cause. The record is completely devoid of any effort by defense
counsel to preserve the overruled challenges for cause for appeal. Therefore, we conclude that
Thompson did not preserve error on the overruled challenges for cause. Accordingly, we
overrule issues one through twelve.
       Thompson claims the trial court erred when it commented on the sentence delivered by the
jury on count six. The State called it to the attention of the court that the jury answered two
enhancement paragraphs “yes.” The jury answered with a sentence of twenty years
imprisonment. The judge admonished the jury that the sentence assessed was not within the
range of punishment for count six and sent the jury back to deliberate. The jury then returned a
verdict for fifty years’ imprisonment on count six. To preserve this error for appeal, the
complaining party must make a timely and specific objection. Harvard v. State, 800 S.W.2d 195,
211 (Tex. Crim. App. 1989) (citing Zillender v. State, 557 S.W.2d 515, 517 (Tex. Crim. App.
1977)). Thompson made no objection to the judge’s comments and therefore did not preserve his
error for appeal. Accordingly, we overrule issue thirteen.
       We affirm the trial court’s judgment.
 
                                                                   REX D. DAVIS
                                                                   Chief Justice

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Affirmed
Opinion delivered and filed October 11, 2000
Do not publish



blish
[CV06]