In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-01-00105-CR


______________________________




JUSTIN COLE PHILLIPS, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 124th Judicial District Court


Gregg County, Texas


Trial Court No. 27,971-B




 




Before Cornelius, C.J., Grant and Ross, JJ.


Opinion by Chief Justice Cornelius



O P I N I O N



 Justin Cole Phillips appeals from the revocation of his community supervision and the
imposition of the original sentence of ten years imprisonment. In the underlying case, pursuant to
a plea bargain agreement, Phillips pleaded guilty to the second degree felony offense of burglary of
a habitation. He received a probated ten-year sentence. The State later filed an original and then an
amended application to revoke his community supervision, alleging he violated twelve conditions. 
To these allegations, Phillips pleaded not true. After a hearing, the trial court found the allegations
true and assessed punishment at ten years confinement. On appeal, Phillips' complaints are two-fold. 
First, he argues that the trial court abused its discretion by failing to consider ordering him to
confinement and treatment in a substance abuse treatment facility in lieu of prison time. Second, he
argues the court abused its discretion by failing to review a statutorily required evaluation of the
appropriateness of drug and alcohol rehabilitation. 

 When the trial court determines that alcohol or drug abuse contributed to the commission of
the offense, it should direct a supervision officer to evaluate the appropriateness of drug or alcohol
rehabilitation and to report his findings to the court. See Tex. Code Crim. Proc. Ann. art. 42.12,
§ 9(h) (Vernon Supp. 2002). It is unclear from the record in this case whether the trial court ever
ordered a supervision officer to evaluate Phillips and what, if any, recommended treatment was
undertaken. The court did, however, require as a condition of community supervision that Phillips
submit to a drug and alcohol evaluation and any recommended treatment, Tex. Code Crim. Proc.
Ann. art. 42.12, § 9(h), and the State did not allege a failure to submit to such an evaluation as a
breach of Phillips' community supervision. In fact, neither the State nor Phillips affirms or denies
that this evaluation ever took place.

 It is clear from the record, however, that the trial court did consider the possibility of sending
Phillips to a treatment center. The trial court and Phillips conversed about the matter. If the trial
court erred in failing to order and review an evaluation of Phillips' need for rehabilitation, error has
not been preserved for review. To preserve a complaint for appellate review, a party must present
to the trial court a timely request, objection, or motion, stating the specific grounds for the complaint. 
See Tex. R. App. P. 33.1(a). This rule allows opposing counsel an opportunity to remove the
objection, or the trial court to cure any harm. See Zillender v. State, 557 S.W.2d 515, 517 (Tex.
Crim. App. 1977). The record clearly shows that Phillips failed to object to the court's alleged failure
to order or consider any evaluation. Consequently, he failed to preserve error as to this issue. 

 We therefore affirm the judgment of the trial court.


 William J. Cornelius

 Chief Justice


Date Submitted: December 12, 2001

Date Decided: December 28, 2001


Do Not Publish