CATTERSON V MARTIN



NO. 07-00-0588-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B
 


JUNE 12, 2002


______________________________



ALLEN CATTERSON, MD. AND

KELSEY-SEYBOLD CLINIC MEDICAL GROUP



 Appellant


v.



PATTY MARTIN, INDIVIDUALLY AND


BEHALF OF THE ESTATES OF DONALD F. MARTIN,

AND AS NEXT FRIEND OF APRIL NICOLE MARTIN,

A MINOR CHILD



 Appellee

_________________________________


FROM THE 152ND DISTRICT COURT OF HARRIS COUNTY;


NO. 1994-10440; HON. HARVEY BROWN, PRESIDING

_______________________________


Before BOYD, C.J., QUINN and JOHNSON, J.J.

 Pending is the joint motion to "vacate the trial court's judgment and dismiss the
appeal." Both parties represent that they no longer desire to appeal given that they "have
entered into a confidential agreement resolving this matter." Accordingly, the motion is
granted and the appeal is dismissed pursuant to Texas Rule of Appellate Procedure
42.1(a)(2). 


 Having dismissed the appeal at the personal request of the parties, no motion for
rehearing will be entertained, and the mandate will issue forthwith. 

 


 Per Curiam

 

Do not publish.



ement because of a revocation of probation in
Andrews County heretofore granted him. Disagreeing that reversal is required, we affirm
the trial court's judgment.

 In relevant part, the record shows the following colloquy that took place in the
absence of the jury:

 The Court: Okay. I have Shawn Bockleman . . . who's going to be the
Defense's next witness. And Mr. Bockleman, I just want you to know that
since -- it's my understanding on representation from Mr. Martinez that Mr.
Balderrama's probation in Andrews County was revoked by order of the
judge and that he's sentenced to serve four years in prison, but that has been
appealed and that Mr. Balderrama is out on bond on that matter. Under the
law and for the purposes of this case then it's just as if there had been no
revokation [sic]. And so I've ruled in this case that the fact that a revokation
[sic] order has been entered by the judge or that he's been sentenced to any
penitentiary time would not be mentioned since it's on appeal. Okay?


 The Witness: Okay


 The Court: I think that should cover the circumstances. 


 The record does not show any objection to the ruling of the court.

 Rule 33.1 of the Texas Rules of Appellate Procedure specifically requires that to
preserve a complaint for appellate review, the complaining party must make a "timely
request, objection, or motion" with sufficient specificity to make the trial court aware of the
complaint. See also Purtell v. State, 761 S.W.2d 360, 365-66 (Tex. Crim. App. 1988), cert.
denied, 490 U.S. 1059, 109 S.Ct. 1972, 104 L.Ed.2d 441 (1989); Zillender v. State, 557
S.W.2d 515, 517 (Tex. Crim. App. 1977).

 Because of the lack of a trial objection, there is nothing preserved for appellate
review. Accordingly, appellant's issue does not present reversible error, and it is overruled. 
The judgment of the trial court is affirmed.


 John T. Boyd

 Senior Justice


Do not publish.


 
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. 
Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2004).