NO. 07-02-0511-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



FEBRUARY 5, 2004



______________________________




DULCES NOMBRES BALDERRAMA AKA


DULCES N. BALDERRAMA, APPELLANT



v.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 121ST DISTRICT COURT OF TERRY COUNTY;



NO. 4844; HON. KELLY G. MOORE, PRESIDING



_______________________________



Before REAVIS and CAMPBELL, JJ., and BOYD, S.J. (1)

MEMORANDUM OPINION

 Presenting one issue which, he posits, requires reversal, appellant Dulces Nombres
Balderrama challenges his conviction of felony grade driving while intoxicated. Appellant
pled guilty to the offense, but requested the jury to assess his punishment. After hearing
evidence, the jury assessed his punishment at eight years confinement in the Institutional
Division of the Department of Criminal Justice. In his sole issue, appellant contends the
trial court erred in ruling that a defense witness could not testify that he (appellant) had
been sentenced to four years penal confinement because of a revocation of probation in
Andrews County heretofore granted him. Disagreeing that reversal is required, we affirm
the trial court's judgment.

 In relevant part, the record shows the following colloquy that took place in the
absence of the jury:

 The Court: Okay. I have Shawn Bockleman . . . who's going to be the
Defense's next witness. And Mr. Bockleman, I just want you to know that
since -- it's my understanding on representation from Mr. Martinez that Mr.
Balderrama's probation in Andrews County was revoked by order of the
judge and that he's sentenced to serve four years in prison, but that has been
appealed and that Mr. Balderrama is out on bond on that matter. Under the
law and for the purposes of this case then it's just as if there had been no
revokation [sic]. And so I've ruled in this case that the fact that a revokation
[sic] order has been entered by the judge or that he's been sentenced to any
penitentiary time would not be mentioned since it's on appeal. Okay?


 The Witness: Okay


 The Court: I think that should cover the circumstances. 


 The record does not show any objection to the ruling of the court.

 Rule 33.1 of the Texas Rules of Appellate Procedure specifically requires that to
preserve a complaint for appellate review, the complaining party must make a "timely
request, objection, or motion" with sufficient specificity to make the trial court aware of the
complaint. See also Purtell v. State, 761 S.W.2d 360, 365-66 (Tex. Crim. App. 1988), cert.
denied, 490 U.S. 1059, 109 S.Ct. 1972, 104 L.Ed.2d 441 (1989); Zillender v. State, 557
S.W.2d 515, 517 (Tex. Crim. App. 1977).

 Because of the lack of a trial objection, there is nothing preserved for appellate
review. Accordingly, appellant's issue does not present reversible error, and it is overruled. 
The judgment of the trial court is affirmed.


 John T. Boyd

 Senior Justice


Do not publish.


 
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. 
Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2004). 



time was granted to November 30, 2009, in which to file the record. By that same letter,
Appellant was directed to certify to this Court on or before November 12, 2009, whether he
had complied with the Texas Rules of Appellate Procedure pertaining to reporter’s records. 
Appellant did not respond.
          Pending before this Court is a subsequent request for extension of time filed by the
court reporter indicating Appellant has not yet submitted a written designation nor made
arrangements to pay for the record. Trial and appellate courts are jointly responsible for
ensuring that the appellate record is timely filed. Tex. R. App. P. 35.3(c). Due to
Appellant’s status as an indigent at the time of the revocation of deferred adjudication
community supervision and the imposition of sentence, we now abate this appeal and
remand the cause to the trial court for further proceedings. During this abatement, the trial
court shall utilize whatever means necessary to determine the following:
1. whether Appellant desires to prosecute this appeal, and if so,
2. whether Appellant is indigent and entitled to appointed counsel and a free
reporter’s record. 
 
Should it be determined that Appellant does want to continue the appeal and the trial court
determines that he is entitled to appointed counsel, the name, address, telephone number,
and state bar number of newly-appointed counsel shall be provided to the Clerk of this
Court. Finally, the trial court shall execute findings of fact, conclusions of law, and any
necessary orders it may enter regarding the aforementioned issues and cause its findings,
conclusions, and orders, if any, to be included in a supplemental clerk's record to be filed 
with the Clerk of this Court by February 15, 2010.
          The reporter’s request for an extension of time filed on January 11, 2010, is
rendered moot.
          It is so ordered.
Per Curiam
 
 
 
Do not publish.