NO. 07-02-0511-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

FEBRUARY 5, 2004

_____


DULCES NOMBRES BALDERRAMA AKA
DULCES N. BALDERRAMA, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 121ST DISTRICT COURT OF TERRY COUNTY;

NO. 4844; HON. KELLY G. MOORE, PRESIDING

_____

Before REAVIS and CAMPBELL, JJ., and BOYD, S.J.[1]


MEMORANDUM OPINION


Presenting one issue which, he posits, requires reversal, appellant Dulces Nombres

Balderrama challenges his conviction of felony grade driving while intoxicated. Appellant

pled guilty to the offense, but requested the jury to assess his punishment. After hearing

_____

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2004).

evidence, the jury assessed his punishment at eight years confinement in the Institutional Division of the Department of Criminal Justice. In his sole issue, appellant contends the trial court erred in ruling that a defense witness could not testify that he (appellant) had been sentenced to four years penal confinement because of a revocation of probation in Andrews County heretofore granted him. Disagreeing that reversal is required, we affirm the trial court's judgment.

In relevant part, the record shows the following colloquy that took place in the absence of the jury:

> The Court: Okay. I have Shawn Bockleman . . . who's going to be the Defense's next witness. And Mr. Bockleman, I just want you to know that since -- it's my understanding on representation from Mr. Martinez that Mr. Balderrama's probation in Andrews County was revoked by order of the judge and that he's sentenced to serve four years in prison, but that has been appealed and that Mr. Balderrama is out on bond on that matter. Under the law and for the purposes of this case then it's just as if there had been no revokation [sic]. And so I've ruled in this case that the fact that a revokation [sic] order has been entered by the judge or that he's been sentenced to any penitentiary time would not be mentioned since it's on appeal. Okay?
>
> The Witness: Okay
>
> The Court: I think that should cover the circumstances.

The record does not show any objection to the ruling of the court.

Rule 33.1 of the Texas Rules of Appellate Procedure specifically requires that to preserve a complaint for appellate review, the complaining party must make a "timely request, objection, or motion" with sufficient specificity to make the trial court aware of the complaint. *See also Purtell v. State*, 761 S.W.2d 360, 365-66 (Tex. Crim. App. 1988), *cert.*

*denied*, 490 U.S. 1059, 109 S.Ct. 1972, 104 L.Ed.2d 441 (1989); *Zillender v. State*, 557 S.W.2d 515, 517 (Tex. Crim. App. 1977).

Because of the lack of a trial objection, there is nothing preserved for appellate review. Accordingly, appellant's issue does not present reversible error, and it is overruled. The judgment of the trial court is affirmed.

John T. Boyd
Senior Justice

Do not publish.

3