IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-0727-05






GREGORY BARNETT GRIGGS, Appellant



v.



THE STATE OF TEXAS





ON STATE'S PETITION FOR DISCRETIONARY REVIEW


FROM THE TENTH COURT OF APPEALS


NAVARRO COUNTY





 Meyers, J., filed a dissenting opinion.


O P I N I O N 



 Appellant filed a motion in limine, and the court held a pretrial hearing, during
which the State agreed to not offer evidence of extraneous offenses without approaching
the bench and obtaining a ruling. Instead of honoring that agreement, two of the State's
witnesses testified regarding extraneous offenses. When certain prohibited testimony was
given by the witnesses, the judge excused the jury and cautioned the State for violating
the court's rulings and instructions. The judge asked the parties what he should do, and
Appellant requested a mistrial. 

 In Young, we discussed the purpose of specific objections as affording the trial
judge an opportunity to rule on the issue and providing the other party time to remove
objectionable evidence and to present proper testimony. We also quoted Saldano, stating
that objections promote the prevention of errors. See Young v. State, 137 S.W.3d 65, 69
(Tex. Crim. App. 2004), citing Zillender v. State, 557 S.W.2d 515, 517 (Tex. Crim. App.
1977) and Saldano v. State, 70 S.W.3d 873, 887 (Tex. Crim. App. 2002). We went on to
say that "an objection serves as a preemptive measure. Because it informs the judge and
opposing counsel of the potential for error, an objection conserves judicial resources by
prompting the prevention of foreseeable, harmful events." Young, 137 S.W.3d at 69. I
agree that an objection can serve these purposes; however, so can a pretrial motion in
limine, which Appellant filed in this case. A pretrial motion in limine is a preemptive
measure which prevents foreseeable, harmful events even more effectively than a timely
objection after a violation. The motion in limine allowed the judge to rule on the issue,
provided notice to the State about what evidence and testimony would violate the trial
court's instructions, and should have prevented erroneous testimony. Appellant filed the
motion to prevent the inadmissable, objectionable testimony from being elicited by the
State. The motion for mistrial was the proper corrective measure in this case because the
harm that occurred when the witnesses violated the court's instructions was not curable.

 When witness testimony repeatedly violates pretrial rulings and the court's
instructions, the defendant is entitled to request a mistrial. Under the circumstances in
this case, Appellant's motion for mistrial was timely, and preserved error because
objecting after the improper testimony could not fulfill the purpose of the objection,
which is to prevent the jury from hearing the inadmissible evidence. See Young, 137
S.W.3d at 70. 

 As for whether the motion should have been granted, the witnesses' testimony was
so bad that the trial judge took it upon himself to excuse the jury and inform the parties
that "the conduct of the witnesses has jeopardized this case to a large extent." This is all
that was required to preserve the right to request a mistrial. The court of appeals properly
focused on the prejudice to the defendant resulting from the improper testimony. The
court stated:

 The testimony was not only heard by the jury but was repeated by two
State's witnesses, one of whom was the investigating officer in the case.
Furthermore, the testimony was given in violation of the court's earlier
ruling. Afterward, the trial judge himself expressed concern that the
testimony of the witnesses had jeopardized the trial. The impression
produced in the minds of the jurors--that Griggs might be a serial rapist of
elderly women--was highly prejudicial and could not be cured by an
instruction to disregard. Given the lack of direct identification of the
perpetrator of the crime charged, and because the prosecution relied heavily
upon Griggs's alleged admissions to his fellow inmates, the danger that the
jury may have been swayed by the inadmissible testimony was particularly
high. Under these circumstances, the trial court abused its discretion in
denying Griggs's motion for mistrial.


Griggs, 167 S.W.3d 74, 79 (Tex. App-Waco 2005). The court of appeals got it right in
this case. Therefore, I respectfully dissent.

 Meyers, J.

Filed: January 31, 2007

Publish