MEMORANDUM OPINION




No. 04-04-00251-CR



Mario MENCHACA,


Appellant



v.



The STATE of Texas,


Appellee



From the County Court at Law No. 4, Bexar County, Texas 


Trial Court No. 855900


Honorable Sarah Garrahan-Moulder, Judge Presiding



Opinion by: Catherine Stone, Justice


Sitting: Alma L. López, Chief Justice

 Catherine Stone, Justice

 Sarah B. Duncan, Justice


Delivered and Filed: December 8, 2004


AFFIRMED.

 A jury found appellant, Mario Menchaca, guilty of driving while intoxicated. The trial court
assessed punishment at one hundred and twenty days confinement, probated for ten months, and fined
Menchaca five hundred and fifty dollars. On appeal, Menchaca raises two issues. Menchaca contends
the trial court erred in overruling his objection to the prosecutor's comments during closing
argument. In addition, Menchaca contends the trial court erred in denying his motion for mistrial,
which was predicated on improper jury argument. Because the issues in this appeal involve the
application of well-settled principles of law, we affirm the trial court's judgment in this memorandum
opinion under Tex. R. App. P. 47.4.

 1. In his first issue, Menchaca contends the trial court erred in overruling his objection to the
prosecutor's statements during closing argument. During closing argument, the following exchange
occurred:

 

 STATE: We're trying to say stand up and admit that what you did was wrong. We're
trying to say that we do not want people driving while intoxicated on the streets of
Bexar County. Ladies and gentleman, I could go on and on, but I encourage you to
watch the video. If you want-if you want this individual in this State on your streets-

 

 DEFENSE: Objection, your Honor. This is a plea for motor vehicle in general and,
I mean-you know what I mean.

 

 TRIAL COURT: Overruled.


 STATE: It's a plea for law enforcement and it's up to you. Thank you very much.

 

 THE COURT: Ladies and gentlemen, you may go deliberate.


 Menchaca argues the prosecutor's statements constituted an impermissible comment on his
failure to testify and impermissibly shifted the burden of proof and production of evidence to him.
See U.S. Const. amend. V., Tex. Const. art. I § 10; Tex. Code Crim. Pro. Ann. art. 38.08
(Vernon 1979) (stating that counsel must not comment on defendant's failure to testify). The record
reveals, however, that Menchaca waived his complaint. Trial counsel must timely object and point
out the specific grounds for the objection to preserve error, even if the claimed error is
"constitutional" or "incurable." See Cockrell v. State, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996),
cert. denied, 520 U.S. 1173 (1997); see generally Tex. R. App. P. 33.1. Although Menchaca timely
objected to the prosecutor's comment, he failed to point out the specific grounds for his objection
and thus waived the error he claims. Id. Further, it is unclear from the record what portion of the
prosecutor's closing statement Menchaca intended to object to and on what grounds. See Zillender
v. State, 557 S.W.2d 515, 517 (Tex. Crim. App. 1977) (waiver does not result from a general
objection if the correct grounds of exclusion were obvious to the trial court). "This is a plea for
motor vehicle in general" cannot be construed as a specific objection on self-incrimination grounds.
Because the specific grounds for Menchaca's objection were not stated and are not apparent from
the context, the trial court did not err in overruling Menchaca's objection. Menchaca's first issue is
overruled.

 2. In his second issue, Menchaca contends the trial court erred in denying his motion for
mistrial, which was predicated upon the State's comment during its closing statement for Menchaca
to "stand up and admit what you did was wrong." Menchaca's specific objection to the State's
comment and his motion for mistrial were not made at the time of the alleged error; Menchaca waited
until the jury had deliberated and returned with a guilty verdict before stating specific grounds for his
objection and requesting a mistrial. To preserve a complaint for appellate review, an objection to jury
argument must be timely. See Banda v. State, 890 S.W.2d 42, 61 (Tex. Crim. App. 1994), cert.
denied, 515 U.S. 1105 (1995); Tex. R. App. P. 33.1. Because Menchaca did not object to the State's
argument in a timely manner, we hold the trial court did not err in overruling his motion for a mistrial.
Menchaca's second issue is overruled. Because Menchaca waived his complaints by failing to timely
object to the comment and by failing to make the substance of his objection known to the trial court,
we affirm the trial court's judgment.


 Catherine Stone, Justice


DO NOT PUBLISH