Opinion issued December 23, 2004



 
 
     

In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00889-CR




DARRELL MAURICE SINGER, Appellant

V.

THE STATE OF TEXAS, Appellee


 

On Appeal from the 10th Judicial District Court 
Galveston County, Texas
Trial Court Cause No. 01CR2368




MEMORANDUM OPINION
          Appellant, Darrell Maurice Singer, initially pleaded not guilty to the offense
of felony driving while intoxicated (DWI), but he changed his plea to guilty after the
State presented some evidence to the jury. The trial court instructed the jury that
appellant had changed his plea to guilty, and the trial proceeded before the same jury
for determination of appellant’s punishment. Appellant pleaded not true to a
punishment enhancement paragraph that alleged he had been previously convicted of
the felony of retaliation. The jury found the enhancement paragraph true and
sentenced appellant to 13 years in prison. See Tex. Pen. Code Ann. § 49.09 (Vernon
2003). In two issues, appellant contends that he is entitled to a new trial to determine
his punishment because the trial court erred by (1) overruling appellant’s motion for
mistrial following a witness’s testimony that appellant had an “extensive criminal
history” and (2) admitting certain prior judgments of conviction, which were
allegedly not properly authenticated. We affirm.
Background
          At midnight on November 24, 2001, Houston Police Officer B. Roper noticed
appellant’s car drift to the shoulder of the road and then abruptly shift back into the
proper lane. Officer Roper followed appellant and, after seeing appellant’s car drift
a second time, initiated a traffic stop. Appellant told Officer Roper that his name was
Cedric Maurice Moore and that his date of birth was June 25, 1964. Officer Roper
conducted field-sobriety tests on appellant, which indicated that he was intoxicated. 
          After appellant was arrested, he declined to give a breath specimen for the
intoxilizer test. He was uncooperative with Officer Roper and refused to disclose his
true identity. Officer Roper learned appellant’s identity through a pawn slip found
in appellant’s pocket, which showed his name, Darrell Maurice Singer, and address. 
When Officer Roper left appellant alone in the interview room at the police station,
appellant urinated on the floor and passed out. 
Denial of Motion for MistrialIn his first issue, appellant contends that the trial court erred by overruling his
motion for mistrial “following a deliberately nonresponsive and highly prejudicial
claim,” by Officer Roper, that appellant had an “extensive criminal history.”


 
Appellant’s complaint concerns testimony by Officer Roper during the guilt-innocence phase of the trial. The record shows that the trial court sustained
appellant’s attorney’s objection and instructed the jury to disregard the testimony. 
Appellant’s guilty plea followed the allegedly prejudicial testimony.
Appellant’s Request for New Guilt/Innocence Trial?
          In a footnote to his appellate brief, appellant states that “the change in plea to
‘guilty’ may have been advisable in view of the court’s refusal to grant a mistrial. In
this sense, it is impossible to unravel the court’s refusal to grant a mistrial from the
overall course of this proceeding.” 
          “Whether entered with or without an agreed recommendation of punishment
by the State, a valid plea of guilty or nolo contendere ‘waives’ or forfeits the right to
appeal a claim of error only when the judgment of guilt was rendered independent of,
and is not supported by, the error.” Young v. State, 8 S.W.3d 656, 666-67 (Tex. Crim.
App. 2000) (holding that judgment of guilt not rendered independently from trial
court’s ruling on motion to suppress evidence of offense, and that judgment could not
be supported without evidence appellant sought to suppress). To avoid waiver of the
right to appeal after pleading guilty or nolo contendere, the defendant must
demonstrate a nexus—temporal or otherwise—between the error and the judgment
of guilt. See Sanchez v. State, 98 S.W.3d 349, 353 (Tex. App.—Houston [1st Dist.]
2003, pet. ref’d) (holding that appellant’s plea of guilty supported by, and not
rendered independently of, trial court’s ruling on motion to reveal identity of
confidential informant because informant’s testimony was relevant to, and needed for,
defense to prosecution); Brink v. State, 78 S.W.3d 478, 484 (Tex. App.—Houston
[14th Dist.] 2001, pet. ref’d) (holding that right to appeal complaint that trial court
erred by substituting trial counsel waived because appellant pleaded guilty two and
a half months after ruling substituting counsel, and appellant showed no direct nexus
between ruling and his guilt or innocence). 
          Appellant has not demonstrated any nexus between the trial court’s refusal to
grant a mistrial and appellant’s changing his plea from not guilty to guilty. Instead,
appellant merely posits that “the change in plea to ‘guilty’ may have been advisable
in view of the court’s refusal to grant a mistrial.” Because appellant has neither
asserted nor demonstrated that his decision to change his plea was actually related in
any way to the court’s ruling on his motion for mistrial, we conclude that he has not
asserted any cognizable claim of error in the guilt-innocence phase of trial. See Tex.
R. App. P. 38.1(h); Harris v. State, 784 S.W.2d 5, 27 (Tex. Crim. App. 1989);
Maldonado v. State, 902 S.W.2d 708, 711 (Tex. App.—El Paso 1995, no pet.). 
Appellant’s Request for New Punishment Trial
          Appellant contends that he is entitled to a new punishment trial because “the
slur of defendant’s having a criminal nature was so broad and unconfined that it could
only have interfered with the jury’s ‘orderly evaluation of the evidence’ during [the]
punishment phase.” 
          We review a trial court’s denial of a motion for mistrial under an abuse of
discretion standard. Ladd v. State, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999). 
Abuse of discretion occurs when the trial judge’s decision was so clearly wrong as
to lie outside that zone within which reasonable persons might disagree. Cantu v.
State, 842 S.W.2d 667, 682 (Tex. Crim. App. 1992). A mistrial halts trial
proceedings when error is so prejudicial that expenditure of further time and expense
would be wasteful and futile. Ladd, 3 S.W.3d at 567. Thus, a trial court may declare
a mistrial if an impartial verdict cannot be reached, or if a verdict of conviction could
be reached, but would have to be reversed on appeal due to an obvious procedural
error. Id. Determining whether an error demands a mistrial must be made by
examining the particular facts of the case. Id. Because our system presumes that
juries follow judicial admonishments to disregard, asking an improper question will
rarely require a mistrial. Id.; Bauder v. State, 921 S.W.2d 696, 698 (Tex. Crim. App.
1996). A mistrial is required only when an improper question is clearly prejudicial
to the defendant and is of a character that suggests the impossibility of withdrawing
the impression produced in the minds of the jurors. Ladd, 3 S.W.3d at 567.
          Admissible evidence at the punishment stage of trial includes, but is not limited
to, evidence of a defendant’s prior criminal record, his general reputation, his
character, and opinion testimony regarding his character. Tex. Code Crim. Proc. art.
37.07 § 3(a)(1) (Vernon Supp. 2004-2005). During the punishment stage in this case,
the State introduced evidence that appellant had been previously convicted of four
felony offenses: retaliation, aggravated assault, and two thefts. Appellant had also
been convicted of eleven misdemeanor offenses: three for criminal mischief, one for
resisting arrest, four for assaults causing bodily injury, two for DWI, and one for
driving with a suspended license. Officer Roper’s characterization that appellant had
an “extensive criminal history” was accurate based on the evidence in the record and
was admissible at the punishment stage under article 37.07 of the Code of Criminal
Procedure. Therefore, appellant is not entitled to a new punishment trial on the
ground that the trial court refused to declare a mistrial during the guilt-innocence
stage based on the officer’s statement that appellant had an extensive criminal history.
          We overrule appellant’s first issue.
Authentication of Exhibits
          In his second issue, appellant contends the trial court erred by admitting seven
judgments of appellant’s previous convictions that were allegedly not “certified
copies of the judgments, and no custodian was proffered to authenticate them.” 
Specifically, appellant contends that State’s exhibits 9 through 15 should not have
been admitted because they were not “certified.” 
          During the punishment phase of appellant’s trial, Bill O’Briant of the
Galveston County Sheriff’s Office compared appellant’s fingerprints to fingerprints
on the judgments of appellant’s prior convictions and concluded that the convictions
were appellant’s. The State then offered exhibits 9 through 19 as conviction records
of appellant. Appellant objected and the following occured:
          Appellant:              My objection is on the predicate that he is not the custodian
of these records. There is no exception under the business
records law. There has [sic] been no affidavits filed. All
he’s doing is taking a piece of paper that he’s taken from
somewhere and comparing a print from a print card he has. 
We’ve had nobody come in here and say who is holding
this piece of paper and what’s the purpose of this piece of
paper. That’s my objection.
 
State’s attorney:The State offers State’s 9 through 19 as self-authenticating
                                         documents, certified copies.
          . . . 
 
          The court:              The objection is overruled. State’s Nos. 9 through 19 are
admitted. 

          At the end of the punishment phase, appellant admitted that he committed the
crimes recited in the judgments entered into evidence. 
          Under rule 902 of the Rules of Evidence, a document is admissible into
evidence as a self-authenticating document if the document is a certified copy of a
public record. Tex. R. Evid. 902(4). Appellant’s objection, however, pertained to
rule 803 of the Texas Rules of Evidence, and not rule 902. Appellant’s objection to
the trial court referred to the “business records law” and complained that the officer
was not the “custodian of these records” and that no business records “affidavits”
were on file. See Tex. R. Evid. 803(6) (authorizing admissibility of documents into
evidence under certain circumstances “if it was the regular practice of that business
activity to make the . . . record . . . as shown by the testimony of the custodian or
other qualified witness, or by affidavit that complies with Rule 902(10) . . . .”).          In accordance with settled principles of error preservation, a point of error on
appeal must present the same legal theory that was presented to the trial court through
a timely, specific objection. Sterling v. State, 800 S.W.2d 513, 521 (Tex. Crim. App.
1990); see Tex. R. Evid. 103(a)(1); Tex. R. App. P. 33.1(a). Requiring a specific
objection serves two purposes by (1) informing the trial judge of the basis of the
objection and affords him the opportunity to rule on it, and (2) affording opposing
counsel an opportunity to remove the objection or supply other testimony. Zillender
v. State, 557 S.W.2d 515, 517 (Tex. Crim. App. 1977). The Court of Criminal
Appeals has explained this requirement for specificity: “Whichever party complains
on appeal about the trial judge’s action must, at the earliest opportunity, have done
everything necessary to bring to the judges [sic] attention the evidence rule in
question and its precise and proper application to the evidence in question.” Willover
v. State, 70 S.W.3d 841, 845 n.4 (Tex. Crim. App. 2002).
          Because appellant’s point of error on appeal does not comport with his trial
court objection, appellant has waived the right to complain about the alleged lack of
certification of the documents in this appeal. See Sterling, 800 S.W.2d at 521. Conclusion
          We affirm the judgment of the trial court.
 
Elsa Alcala
Justice

Panel consists of Chief Justice Radack and Justices Keyes and Alcala.

Do not publish. Tex. R. App. P. 47.2(b).