Affirmed and Memorandum Opinion filed July 25, 2006









Affirmed and Memorandum Opinion filed July 25, 2006.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-04-01136-CR

____________

 

OLMAN SAUL MEJIA, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

 

 

On Appeal from the 122nd District Court

Galveston County, Texas

Trial Court Cause No. 03CR2606

 

 

 

M E M O R
A N D U M   O P I N I O N

            Challenging
his conviction for murder, appellant Olman Saul Mejia asserts in two issues (1)
his trial counsel rendered ineffective assistance and (2) the trial court erred
in removing certain potential jurors. We affirm. 

I.  Background

            Appellant was
charged with the murder of Stephanie Jacobs.  He pleaded “not guilty” and the
case proceeded to trial by jury.  Because appellant did not speak English and
spoke Spanish, a certified Spanish language court interpreter was present for
the trial.  During voir dire, the State questioned venire members about the
interpreter’s role and their ability to rely upon the interpreter’s
interpretation of witness testimony.  Thereafter, the trial court struck
several venire members for cause.  At the conclusion of the trial, the jury
found appellant guilty as charged and assessed punishment at 55 years’
confinement in the Institutional Division of the Texas Department of Criminal
Justice. 

II.  Issues Presented 

            Appellant
asserts two points on appeal: (1) he received ineffective assistance of counsel
because his trial counsel agreed to remove certain potential jurors for cause,
thereby waiving any error for appellate review, and (2) the trial court abused
its discretion by removing Spanish-speaking venire members for cause.   

III. Analysis 

            A.        Did
appellant receive ineffective assistance of counsel? 

            In his first issue, appellant
contends that he received ineffective assistance of counsel because his trial
counsel agreed to remove certain Spanish-speaking venire members for cause.  He
contends that by agreeing to remove these potential jurors for cause, his trial
counsel waived any appellate challenges of equal protection under Batson v.
Kentucky, 475 U.S. 79 (1986).  

            Both the United States and Texas Constitutions guarantee an accused the right to assistance of
counsel. U.S. Const. amend. VI; Tex. Const. art. I, § 10; Tex. Code Crim. Proc. art. 1.051
(Vernon 2005).  This right necessarily includes the right to reasonably
effective assistance of counsel.  Strickland v. Washington, 466 U.S. 668, 686, 104 S. Ct. 2052, 80 L.Ed.2d 674 (1984); Ex parte Gonzales, 945 S.W.2d 830, 835
(Tex. Crim. App. 1997).  To prove ineffective assistance of counsel, appellant
must show that (1) trial counsel’s representation fell below an objective
standard of reasonableness, based on prevailing professional norms; and (2)
there is a reasonable probability that the result of the proceeding would have
been different but for trial counsel’s deficient performance.  Strickland,
466 U.S. at 688–92.  Moreover, appellant bears the burden of proving his claims
by a preponderance of the evidence.  Jackson v. State, 973 S.W.2d 954,
956 (Tex. Crim. App. 1998).  

            In assessing
appellant’s claims, we apply a strong presumption that trial counsel was
competent.  Thompson v. State, 9 S.W.3d 808, 813 (Tex. Crim. App.
1999).  We presume counsel’s actions and decisions were reasonably professional
and were motivated by sound trial strategy.  See Jackson v. State, 877
S.W.2d 768, 771 (Tex. Crim. App. 1994).  When, as in this case, there is no
proper evidentiary record developed at a hearing on a motion for new trial, it
is extremely difficult to show that trial counsel’s performance was deficient. 
See Bone v. State, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002).  If there
is no hearing or if counsel does not appear at the hearing, an affidavit from
trial counsel becomes almost vital to the success of an ineffective-assistance
claim.  Stults v. State, 23 S.W.3d 198, 208–09 (Tex. App.—Houston [14th Dist.] 2000, pet. ref’d).  Absent an opportunity for trial counsel to
explain his actions, appellate courts should not find ineffective assistance
unless the challenged conduct was “‘so outrageous that no competent attorney
would have engaged in it.’” Goodspeed v. State, 187 S.W.3d 390, 392–93
(Tex. Crim. App. 2005) (quoting Garcia v. State, 57 S.W.3d 436, 440
(Tex. Crim. App. 2001)). 

            During voir
dire, the State asked all the members of the venire whether they spoke Spanish,
and, if so, whether they would they be able to rely solely upon the court
interpreter’s interpretation of appellant’s testimony, or instead be inclined
to translate appellant’s testimony themselves.  The following prospective
jurors all stated that it would be difficult to rely upon the interpreter’s
interpretation rather than their own understanding of the testimony: (1) Edward
Aguilera (No. 32), (2) Israel Gomez (No. 33), (3) David Jaramillo (No. 39), (4)
Benjamin Herrera (No. 40), and (5) Patricia Diaz (No. 61). All of these
prospective jurors except Herrera were stricken for cause.  Appellant contends
that these four stricken venire members were all Hispanic and thus his trial
counsel’s agreement to strike them was tantamount to foregoing any violations
under Batson.  Presuming without deciding that appellant’s counsel
agreed to strike these members for cause, we cannot conclude that this action
constituted ineffective assistance of counsel.[1]


 

            Striking a
potential juror solely on the basis of Hispanic ethnicity clearly would violate
Batson.  However, there is nothing in the record to demonstrate that the
four potential jurors in question were Hispanic.  Though these venire members
spoke Spanish,  Spanish-speaking persons have many national origins, e.g., Cuba, Spain, Mexico, and Argentina, and may be racially Caucasian, African, Indian, biracial or
multiracial.  See Flores v. State, 904 S.W.2d 129, 130 (Tex. Crim. App.
1995).  Appellant’s contentions rest on the illogical assumption that all
Spanish-speaking persons should be treated as one group.  Id.  

             The record demonstrates that the four
potential jurors stricken for cause all stated that they would rely on their
own knowledge of the Spanish language as opposed to the translation given by
the official court interpreter.   Based upon these responses, either the State
or the defense could have challenged these jurors for cause.  See Tex. Code Crim. Proc. Ann. Art. 35.16
(Vernon Supp. 2005); Maldonado v. State, 998 S.W.2d 239, 248, n.14 (Tex.
Crim. App. 1999) (discussing revitalization of Moore v. State, 542
S.W.2d 664 (Tex. Crim. App. 1976) which held that challenges for cause could be
properly asserted on grounds not specifically enumerated in Article 35.16,
where the challenge “is based on facts that show that the prospective juror
would be ‘incapable or unfit to serve on the jury.’”).  Therefore, we cannot
conclude that any action by appellant’s trial counsel in agreeing these four
potential jurors should be stricken for cause constitutes conduct so outrageous
that no competent attorney would have engaged in it.  The record does not show
any discrimination based on race or ethnicity; however, it does demonstrate
that these four potential jurors, by their own admission, would not have relied
upon the official court interpreter’s translation of appellant’s testimony.  See
Goodspeed, 187 S.W.3d at 392 (concluding that a Stickland claim must
be firmly found in the record).  Thus, if the prosecutor and appellant’s
counsel agreed to challenge these four potential jurors for cause, this
agreement could have been a legitimate trial strategy on the part of
appellant’s trial counsel. Id. (concluding that absent an opportunity
for trial counsel to explain his actions, an appellate court should not find
deficient performance unless the conduct was so outrageous that no competent
attorney would have engaged in it).  Accordingly, we find no merit in
appellant’s ineffective-assistance-of-counsel argument and overrule appellant’s
first issue.

            B.        Did the
trial court abuse its discretion in removing certain Spainish-speaking venire
members for cause? 

            In his second
issue, appellant contends that the trial court abused its discretion by
removing venire members Aguilera (No. 32), Gomez (No. 33), Jaramillo (No. 39),
and Diaz (No. 61), for cause.  The State contends that appellant failed to
preserve his complaint for appellate review and thus, as a threshold matter, we
consider whether appellant has waived his complaint by failing to preserve it
in the trial court.  

            To preserve
error for appellate review, opposing counsel must make a timely, specific
objection when a trial court grants a challenge for cause to a prospective
juror. Kemp v. State, 846 S.W.2d 289, 302 (Tex. Crim. App. 1992).  Trial
counsel must state the basis for the objection so that opposing counsel has the
opportunity to attempt to remove it and so that the trial court has an
opportunity to rule on the matter.  Zillender v. State, 557 S.W.2d 515,
517 (Tex. Crim.  App. 1977).  If one fails to object when a venire member is
excused for cause, he may not later challenge that ruling on appeal. Purtell
v. State, 761 S.W.2d 360, 365 (Tex. Crim. App. 1988).  

            In this case,
appellant voiced no objection when the four venire members were stricken for
cause.  Indeed, in asserting his first issue appellant himself argues that his
trial counsel was ineffective by “agreeing” to these challenges for cause and
thus waiving any appellate challenges of equal protection under Batson. 
Because appellant failed to assert his complaint in the trial court, he has
waived appellate review of any error. 

             In any
event, even if appellant had properly objected at trial, we could find no abuse
of discretion in the trial court’s striking of the potential jurors in question
for cause.  Appellant contends that these individuals were removed contrary to
the standards set forth in Article 35.16 of the Code of Criminal Procedure and
thus the trial court must be deemed to have abused its discretion.  See  Tex. Code Crim. Proc. Ann. art. 35.16 (Vernon Supp. 2005).  Appellant misinterprets the law.  Though it is true that article
35.16 sets forth various grounds for excusing a potential juror for cause, this
list of grounds is not exhaustive.[2] 
 See Maldonado v. Sate, 998 S.W.2d at 249–50; Mason v. State, 905
S.W.2d 570, 577 (Tex. Crim. App. 1995).  Challenges that are not based upon any
specifically enumerated ground ordinarily are within the sound discretion of
the trial court.  Id.  When a potential juror’s answers are
unclear or contradictory, we accord particular deference to the trial court’s
decision.  Colburn v. State, 966 S.W.2d 511, 517 (Tex. Crim. App.
1998).  We follow this approach because we recognize that elements such as demeanor
and tone of voice are critical to understanding the potential juror’s precise
position.  See Earhart v. State, 823 S.W.2d 607, 627 (Tex. Crim. App.
1991), vacated on other grounds, 509 U.S. 917, 113 S.Ct. 3026, 125
L.Ed.2d 715 (1993).  Recognizing that the trial court is in the best position
to evaluate a venire member’s demeanor and responses, we accord great deference
to these types of decisions. Newbury v. State, 135 S.W.3d 22, 32 (Tex. Crim. App. 2004).  Consequently, we will reverse a trial court’s ruling on a challenge
for cause “only if a clear abuse of discretion is evident.”  Id. at 32. 


            In the
instant case, all four of the potential jurors in question stated that they
would rely upon their own knowledge of the Spanish language, as opposed to
using the translation of the certified court interpreter as the law requires. 
If the entire record contains sufficient evidence to support a trial court’s
determination that a juror would be prevented or substantially impaired from
obeying his oath and following instructions, deference must be paid to the
trial court’s determination.  Fearance v. State, 771 S.W.2d 486, 501–02
(Tex. Crim. App. 1988) (holding that excusal for cause of venire member whose
testimony indicated that his ability to comply with his oath as juror would be
substantially impaired by his opposition to death penalty was proper,
notwithstanding his answer to one isolated question in which he indicated that
he would not deliberately answer “no” to special issue in order to avoid giving
death penalty).  In such a situation we defer to the trial court’s informed
judgment on the matter.  See Earhart, 823 S.W.2d at 627 (deferring to
trial court when, after being fully questioned, venire member indicated he
would not hold failure to testify against defendant).  Applying this standard
in reviewing the trial court’s action, we conclude that the trial court did not
abuse its discretion in removing these four potential jurors for cause.[3]

 

            We affirm the
trial court’s judgment. 

 

 

                                                                                    

                                                                        /s/        Kem
Thompson Frost

                                                                                    Justice

 

 

Judgment rendered and Memorandum
Opinion filed July 25, 2006.

Panel consists of Justices Anderson,
Edelman, and Frost.

Do Not Publish — Tex. R. App. P. 47.2(b).









[1] 
We note here that upon conclusion of voir dire, the trial judge requested a
side-bar conference with the attorneys to discuss whether further questioning
of any of the venire members was necessary.  This conference was off the
record.  There is no transcription of what objections or challenges, if any,
were made during the side-bar conference. When reviewing the State’s and
appellant’s strike lists, the word “cause” is written next to the names of
these four potential jurors on both lists. It is not possible to discern
whether these objections were made at the State’s request, or at appellant’s
request.  The only indication in the record that appellant’s counsel may have
agreed to strike these four potential jurors for cause is a notation made on
the docket sheet, on November 8, 2004, that states “State and [Defendant] agree
on all challenges for cause.”  The record contains no written or oral agreement
between the State and appellant.





[2] 
Article 35.16 provides as follows: 

 

(a) A challenge for cause
is an objection made to a particular juror, alleging some fact which renders
the juror incapable or unfit to serve on the jury. A challenge for cause may be
made by either the state or the defense for any one of the following reasons:

 

1. That the juror is not
a qualified voter in the state and county under the Constitution and laws of
the state; provided, however, the failure to register to vote shall not be a
disqualification;

2. That the juror has
been convicted of misdemeanor theft or a felony;

3. That the juror is
under indictment or other legal accusation for misdemeanor theft or a felony;

4. That the juror is
insane;

5. That the juror has
such defect in the organs of feeling or hearing, or such bodily or mental
defect or disease as to render the juror unfit for jury service, or that the
juror is legally blind and the court in its discretion is not satisfied that
the juror is fit for jury service in that particular case;

6. That the juror is a
witness in the case;

7. That the juror served
on the grand jury which found the indictment;

8. That the juror served
on a petit jury in a former trial of the same case;

9. That the juror has a
bias or prejudice in favor of or against the defendant;

10. That from hearsay, or
otherwise, there is established in the mind of the juror such a conclusion as
to the guilt or innocence of the defendant as would influence the juror in
finding a verdict.

11. That the juror cannot
read or write.

 

(b) A challenge for cause
may be made by the State for any of the following reasons:

1. That the juror has
conscientious scruples in regard to the infliction of the punishment of death
for crime, in a capital case, where the State is seeking the death penalty;

2. That he is related
within the third degree of consanguinity or affinity, as determined under
Chapter 573, Government Code, to the defendant; and

3. That he has a bias or
prejudice against any phase of the law upon which the State is entitled to rely
for conviction or punishment.

 

(c) A challenge for cause
may be made by the defense for any of the following reasons:

 

1. That he is related
within the third degree of consanguinity or affinity, as determined under
Chapter 573, Government Code, to the person injured by the commission of the
offense, or to any prosecutor in the case; and

 

2. That he has a bias or
prejudice against any of the law applicable to the case upon which the defense
is entitled to rely, either as a defense to some phase of the offense for which
the defendant is being prosecuted or as a mitigation thereof or of the
punishment therefor.

 





[3] 
Appellant also reasserts his “equal protection” argument in this issue. As
previously noted, the record does not demonstrate that these potential jurors
were removed solely because they spoke the Spanish language. Moreover, the
record is devoid of any evidence that these potential jurors were of a
recognizable racial group.