NO. 07-09-00167-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL A

 



JANUARY
10, 2011

 



 

MICHAEL GRINELL FRANKLIN, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 286TH DISTRICT COURT OF HOCKLEY
COUNTY;

 

NO. 04-04-5721; HONORABLE HAROLD PHELAN, JUDGE



 



 

Before CAMPBELL
and HANCOCK and PIRTLE, JJ.

 

 

MEMORANDUM OPINION

 

After his
conviction of the offense of possession of a controlled substance and the
resulting sentence of forty years of imprisonment and the imposition of a
$10,000 fine, appellant Michael Grinell Franklin
appeals, seeking a new sentencing hearing. 
He raises two issues, contending the trial court erred in admitting
testimony and that this error harmed him. 
We will affirm.

 

 

Background

Appellant was
indicted for possession of cocaine with intent to deliver in an amount of four
grams or more but less than 200 grams.[1]  The indictment also set forth appellant=s previous final
felony conviction for delivery of a controlled substance.[2]  Appellant plead not guilty and a jury heard
the case.

The appellate
issues focus on the testimony of a Department of Public Safety sergeant, who
was the arresting officer and the State’s primary witness.  The sergeant, who was a trooper at the time
of the arrest, testified to his training. 
He said he had received six-and-a-half month=s training at the
DPS Academy, obtained his associate degree in law enforcement technology, was
certified by TCLEOSE,[3]
and received additional training at the DPS Academy in Austin.  He also described his experience.  At the time of trial, his DPS assignment was
“with the criminal intelligence service.” 
Prior to that assignment, he was assigned for several years as a trooper
in Hockley County.  As he described his
duties as a trooper, they included “patrol, traffic enforcement . . . criminal
enforcement.”

He testified to
his encounter with appellant, during which he located a baggy containing an
off-white material, later tested and found to be crack cocaine.  He weighed the baggy and its contents, and
found them to have a “rough weight” of 10 grams.[4]  The sergeant gave further testimony regarding
the cocaine, concluding by characterizing the amount as a Adealer=s amount.@ The State made
reference to the sergeant’s testimony several times in its closing arguments in
both the guilt-innocence and punishment phases of trial.

The jury did not
find appellant guilty of possession of with intent to deliver, but did find him
guilty of the lesser offense of possession of cocaine, and, as noted, sentenced
him to forty years of imprisonment and a $10,000 fine.  The Court of Criminal Appeals later granted
appellant an out-of-time appeal. See Ex parte Franklin, No. AP-76119, 2009 Tex.Crim.App. Unpub. LEXIS 208 (Tex.Crim.App. 2009).  This appeal followed, in which appellant
seeks a remand for a new trial on sentencing.[5]

Analysis

On appeal,
appellant argues the trial court reversibly erred by allowing the sergeant to
give opinion testimony about the cocaine. 
He contends admission of the testimony was impermissible under either
Rule of Evidence 701 or 702.  Tex. R. Evid. 701,
702.  

The complained-of
testimony occurred during the following exchange in the guilt-innocence phase
of trial:

Q. (By prosecutor)    And based on your training and experience, do you know an
estimated value of something of that size [referring to the cocaine]?

A. 
(By
witness)        Well, each rock can beB

Defense counsel:    Objection,
calls for speculation.

Prosecutor:                Your
Honor, he is an officer that has testified that he has had training and
experience in this area, and heBbased on his training and experienceB

The Court:                 Overruled.  Go ahead.

A. 
(By
witness)        Okay.  The rocks come in $10 rocks, $20 rocks, $50
rocks, depending on the size.  And I
would say approximately $500 when it wasBoh, it=s crushed now, but it=s old.  But I would
say approximately $500.

Q.  (By prosecutor)
Without opening it up and inspecting it, can you estimate how many uses or
hits, as they call them, that an amount in that muchBthat amount would be?

A.                                A
lot.  It would be hard to guestimate [sic]. 
But when people buy one rock at a time, that=s there [sic] would probably have
been 30, 40, maybe 50 rocks in this bag.

Q.                                So,
safe to say somewhere between 30 and 50 individual uses?

A.                                Yes.

Q.                                Somewhere
in that range?

A.                                Yes,
without counting.

Q.                                Right,
without opening it and counting it. 
Based on your training and experience, is this amount a user=s amount?

A.                                No.

Q.                                What
is it?

A.                                It=s a dealer=s amount.

Q.                                Based
on your training and experience, is it common for an amount of crack cocaine to
just be left laying [sic] on the ground?

A.                                No.

 

As noted, the
State referred to this testimony in its closing argument at both the
guilt-innocence and punishment phases of trial. 
During its summation at punishment, the State argued, AWhat kind of message
are we going to send about drugs?  What
kind of message are we going to send about 30 to 50 doses of crack cocaine to
our community, to our kids, to our children?@  

            Appellant’s argument is that the
sergeant’s improperly-admitted opinion testimony about the value and uses of
the cocaine led the jury toward a conclusion he intended to distribute the drug
and eventually caused the jury to impose a more severe punishment.

            We first note that appellant’s
contention is only partially preserved for our review. To preserve a complaint
for appellate review, a party must have presented to the trial court a timely
request, objection or motion, stating the specific grounds for the ruling he
desired the court to make if the specific grounds were not apparent from the
context. Tex. R. App. P. 33.1(a)(1); Mosley v. State,
983 S.W.2d 249, 265 (Tex.Crim.App. 1998) (op. on reh=g), cert. denied, 526 U.S. 1070,
119 S.Ct. 1466, 143 L.Ed.2d 550 (1999); Rezac v. State, 782 S.W.2d 869, 870
(Tex.Crim.App.1990). Two policies support the requirement of a timely and
specific objection.  See Zillender v. State, 557 S.W.2d 515, 517 (Tex.Crim.App. 1977) (op. on reh'g).
First, a timely and specific objection affords the trial judge the opportunity
to consider and rule on the grounds that provide the basis for the objection. Id.
Second, the objection affords opposing counsel the opportunity to cure the
objectionable aspect or supply substitute testimony. Id. 

Moreover, to
preserve error in admitting evidence, a party must make a proper objection and
get a ruling on that objection. In addition, a party must object each time the inadmissible evidence is offered or
obtain a running objection.[6]
An
error in the admission of evidence is cured where the same evidence comes in
elsewhere without objection.  Valle v. State, 109 S.W.3d 500, 509 (Tex.Crim.App.
2003).  See also Leday v. State, 983 S.W.2d 713, 718
(Tex.Crim.App.1998) (explaining that A[o]ur rule . . . is that overruling an objection to evidence
will not result in reversal when other such evidence was received without
objection, either before or after the complained‑of
ruling@); Willis v.
State, 785 S.W.2d 378, 383 (Tex.Crim.App.1989) (noting that admission of
inadmissible evidence is rendered harmless if the same or similar evidence is
introduced without objection elsewhere during trial).

            The only objection raised during the
testimony to which appellant refers was that on the grounds of speculation when
the prosecutor first asked the question AAnd based on your
training and experience, do you know an estimated value of something that size?@  No objection was made to the sergeant’s
estimate, in response to a later question, that the
cocaine consisted of thirty to fifty individual rocks or “uses.”  Nor was objection raised to his statement
still later that the amount of cocaine was a “dealer’s amount” not a “user’s
amount.”  Therefore, only appellant’s
complaint concerning the $500-value testimony is preserved for our review.

Even assuming the court erred by
allowing the sergeant, over appellant’s “speculation” objection, to testify to
an opinion the cocaine had a value of $500, a finding we do not make,[7]
no harm resulted from any error in permitting the testimony. See Tex. R. App. P. 44.2(b) (describing
reversible error); Hernandez v. State,
176 S.W.3d 821, 824 (Tex.Crim.App. 2005) (to show harm,
the error in admitting the evidence must have had a
substantial and injurious effect in determining the jury's verdict).  First, other evidence of appellant’s intent
to distribute the cocaine was admitted without objection.  The sergeant’s statements the cocaine
consisted of thirty to fifty individual rocks or “uses,” and his statements the
amount of cocaine was a “dealer’s amount” not a “user’s amount” both tend to
show an intent to distribute, and, in fact are more probative of the intent to
distribute than the fact the drugs had a value of $500.  

Second, with
regard to the injurious effect of the testimony of value, the record reflects
the only reference the State made to the testimony concerning the $500 value
was during its summation at the guilt-innocence phase of trial.  Again, the jury did not find appellant guilty
of possession with intent to deliver. 
And, as noted, during its argument on punishment, the State’s reference
was to the 30 to 50 “doses” found in appellant’s possession, testimony to which
no objection was raised. 

Accordingly, we
conclude any harm from admission of the $500-value testimony was cured by the
admission without objection of similar testimony.  We find also fair assurance that any error in
admission did not have a substantial and injurious effect or influence on the
jury’s verdict.  See Garcia v. State, 126 S.W.3d 921, 927 (Tex.Crim.App. 2004). 


We overrule
appellant’s issues and affirm the judgment of the trial court. 

 

                                                                                                James
T. Campbell

                                                                                                            Justice

Do not publish.

 

 

 








 











[1]  See Tex.
Health & Safety Code Ann. ' 481.115(d) (Vernon 2003).  This is a second degree felony punishable by
imprisonment for a term of not more than 20 years or less than 2 years and a
fine not to exceed $10,000. Tex. Penal Code Ann. '
12.33 (Vernon 2003). 





[2] 
See Tex. Penal Code Ann. ' 12.42 (Vernon 2003). 
Appellant=s punishment was enhanced from a
second degree felony to a first degree felony, making the applicable punishment
range imprisonment for life or for any term of not more than 99 years or less
than 5 and a fine not to exceed $10,000. 
Tex. Penal Code Ann. ' 12.32
(Vernon 2003). 





[3] TCLEOSE is the Texas
Commission on Law Enforcement Officer Standards and Education.  37 Tex. Admin. Code § 215.15 et seq. (Vernon Supp. 2010).

 





[4] 
The State’s chemist testified the net weight of the substance was 7.59
grams and it contained cocaine. 





[5] The State has not favored us with a
brief in this appeal.





[6]
Asserted error
also may be preserved by an objection to proferred evidence
made outside the presence of the jury. Tex. R. Evid. 103. 

 





[7]
Appellant’s
brief asserts that the sergeant never testified he had any experience dealing
with narcotics.  The sergeant testified
he frequently patrolled the area in which he encountered appellant; he referred
to the “drug activity” there; he testified to his practices weighing
contraband; and he testified without objection that 10 grams of cocaine was “a
lot.” Nonetheless, as noted, for purposes of this opinion we will assume
without deciding that the court erred by allowing the officer to opine as to
the cocaine’s value.