NO. 07-09-00167-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JANUARY 10, 2011

MICHAEL GRINELL FRANKLIN, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

FROM THE 286TH DISTRICT COURT OF HOCKLEY COUNTY;

NO. 04-04-5721; HONORABLE HAROLD PHELAN, JUDGE

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

After his conviction of the offense of possession of a controlled substance and the resulting sentence of forty years of imprisonment and the imposition of a $10,000 fine, appellant Michael Grinell Franklin appeals, seeking a new sentencing hearing. He raises two issues, contending the trial court erred in admitting testimony and that this error harmed him. We will affirm.

Background

Appellant was indicted for possession of cocaine with intent to deliver in an amount of four grams or more but less than 200 grams.[1] The indictment also set forth appellant's previous final felony conviction for delivery of a controlled substance.[2] Appellant plead not guilty and a jury heard the case.

The appellate issues focus on the testimony of a Department of Public Safety sergeant, who was the arresting officer and the State's primary witness. The sergeant, who was a trooper at the time of the arrest, testified to his training. He said he had received six-and-a-half month's training at the DPS Academy, obtained his associate degree in law enforcement technology, was certified by TCLEOSE,[3] and received additional training at the DPS Academy in Austin. He also described his experience. At the time of trial, his DPS assignment was "with the criminal intelligence service." Prior to that assignment, he was assigned for several years as a trooper in Hockley County.

---

[1] *See* Tex. Health & Safety Code Ann. § 481.115(d) (Vernon 2003). This is a second degree felony punishable by imprisonment for a term of not more than 20 years or less than 2 years and a fine not to exceed $10,000. Tex. Penal Code Ann. § 12.33 (Vernon 2003).

[2] *See* Tex. Penal Code Ann. § 12.42 (Vernon 2003). Appellant's punishment was enhanced from a second degree felony to a first degree felony, making the applicable punishment range imprisonment for life or for any term of not more than 99 years or less than 5 and a fine not to exceed $10,000. Tex. Penal Code Ann. § 12.32 (Vernon 2003).

[3] TCLEOSE is the Texas Commission on Law Enforcement Officer Standards and Education. 37 Tex. Admin. Code § 215.15 et seq. (Vernon Supp. 2010).

As he described his duties as a trooper, they included "patrol, traffic enforcement . . . criminal enforcement."

He testified to his encounter with appellant, during which he located a baggy containing an off-white material, later tested and found to be crack cocaine. He weighed the baggy and its contents, and found them to have a "rough weight" of 10 grams.[4] The sergeant gave further testimony regarding the cocaine, concluding by characterizing the amount as a "dealer's amount." The State made reference to the sergeant's testimony several times in its closing arguments in both the guilt-innocence and punishment phases of trial.

The jury did not find appellant guilty of possession of with intent to deliver, but did find him guilty of the lesser offense of possession of cocaine, and, as noted, sentenced him to forty years of imprisonment and a $10,000 fine. The Court of Criminal Appeals later granted appellant an out-of-time appeal. *See Ex parte Franklin,* No. AP-76119, 2009 Tex.Crim.App. Unpub. LEXIS 208 (Tex.Crim.App. 2009). This appeal followed, in which appellant seeks a remand for a new trial on sentencing.[5]

Analysis

On appeal, appellant argues the trial court reversibly erred by allowing the sergeant to give opinion testimony about the cocaine. He contends admission of the

---

[4] The State's chemist testified the net weight of the substance was 7.59 grams and it contained cocaine.

[5] The State has not favored us with a brief in this appeal.

testimony was impermissible under either Rule of Evidence 701 or 702. Tex. R. Evid. 701, 702.

The complained-of testimony occurred during the following exchange in the guilt-innocence phase of trial:

Q. (By prosecutor)   And based on your training and experience, do you know an estimated value of something of that size [referring to the cocaine]?

A. (By witness)   Well, each rock can be–

Defense counsel:   Objection, calls for speculation.

Prosecutor:   Your Honor, he is an officer that has testified that he has had training and experience in this area, and he–based on his training and experience–

The Court:   Overruled. Go ahead.

A. (By witness)   Okay. The rocks come in $10 rocks, $20 rocks, $50 rocks, depending on the size. And I would say approximately $500 when it was–oh, it's crushed now, but it's old. But I would say approximately $500.

Q. (By prosecutor)   Without opening it up and inspecting it, can you estimate how many uses or hits, as they call them, that an amount in that much–that amount would be?

A.   A lot. It would be hard to guestimate [sic]. But when people buy one rock at a time, that's there [sic] would probably have been 30, 40, maybe 50 rocks in this bag.

Q.   So, safe to say somewhere between 30 and 50 individual uses?

A.   Yes.

Q.   Somewhere in that range?

A.   Yes, without counting.

Q.   Right, without opening it and counting it. Based on your training and experience, is this amount a user's amount?

A.   No.

4

Q.      What is it?

A.      It's a dealer's amount.

Q.      Based on your training and experience, is it common for an amount of crack cocaine to just be left laying [sic] on the ground?

A.      No.

As noted, the State referred to this testimony in its closing argument at both the guilt-innocence and punishment phases of trial. During its summation at punishment, the State argued, "What kind of message are we going to send about drugs? What kind of message are we going to send about 30 to 50 doses of crack cocaine to our community, to our kids, to our children?"

Appellant's argument is that the sergeant's improperly-admitted opinion testimony about the value and uses of the cocaine led the jury toward a conclusion he intended to distribute the drug and eventually caused the jury to impose a more severe punishment.

We first note that appellant's contention is only partially preserved for our review. To preserve a complaint for appellate review, a party must have presented to the trial court a timely request, objection or motion, stating the specific grounds for the ruling he desired the court to make if the specific grounds were not apparent from the context. Tex. R. App. P. 33.1(a)(1); *Mosley v. State,* 983 S.W.2d 249, 265 (Tex.Crim.App. 1998) (op. on reh'g), *cert. denied,* 526 U.S. 1070, 119 S.Ct. 1466, 143 L.Ed.2d 550 (1999); *Rezac v. State,* 782 S.W.2d 869, 870 (Tex.Crim.App.1990). Two policies support the requirement of a timely and specific objection. *See Zillender v. State,* 557 S.W.2d 515,

5

517 (Tex.Crim.App. 1977) (op. on reh'g). First, a timely and specific objection affords the trial judge the opportunity to consider and rule on the grounds that provide the basis for the objection. *Id.* Second, the objection affords opposing counsel the opportunity to cure the objectionable aspect or supply substitute testimony. *Id.*

Moreover, to preserve error in admitting evidence, a party must make a proper objection and get a ruling on that objection. In addition, a party must object each time the inadmissible evidence is offered or obtain a running objection.[6] An error in the admission of evidence is cured where the same evidence comes in elsewhere without objection. *Valle v. State,* 109 S.W.3d 500, 509 (Tex.Crim.App. 2003). *See also Leday v. State,* 983 S.W.2d 713, 718 (Tex.Crim.App.1998) (explaining that "[o]ur rule . . . is that overruling an objection to evidence will not result in reversal when other such evidence was received without objection, either before or after the complained-of ruling"); *Willis v. State*, 785 S.W.2d 378, 383 (Tex.Crim.App.1989) (noting that admission of inadmissible evidence is rendered harmless if the same or similar evidence is introduced without objection elsewhere during trial).

The only objection raised during the testimony to which appellant refers was that on the grounds of speculation when the prosecutor first asked the question "And based on your training and experience, do you know an estimated value of something that size?" No objection was made to the sergeant's estimate, in response to a later question, that the cocaine consisted of thirty to fifty individual rocks or "uses." Nor was

_____

[6] Asserted error also may be preserved by an objection to proferred evidence made outside the presence of the jury. Tex. R. Evid. 103.

6

objection raised to his statement still later that the amount of cocaine was a "dealer's amount" not a "user's amount." Therefore, only appellant's complaint concerning the $500-value testimony is preserved for our review.

Even assuming the court erred by allowing the sergeant, over appellant's "speculation" objection, to testify to an opinion the cocaine had a value of $500, a finding we do not make,[7] no harm resulted from any error in permitting the testimony. *See* Tex. R. App. P. 44.2(b) (describing reversible error); *Hernandez v. State,* 176 S.W.3d 821, 824 (Tex.Crim.App. 2005) (to show harm, the error in admitting the evidence must have had a substantial and injurious effect in determining the jury's verdict). First, other evidence of appellant's intent to distribute the cocaine was admitted without objection. The sergeant's statements the cocaine consisted of thirty to fifty individual rocks or "uses," and his statements the amount of cocaine was a "dealer's amount" not a "user's amount" both tend to show an intent to distribute, and, in fact are more probative of the intent to distribute than the fact the drugs had a value of $500.

Second, with regard to the injurious effect of the testimony of value, the record reflects the only reference the State made to the testimony concerning the $500 value was during its summation at the guilt-innocence phase of trial. Again, the jury did not find appellant guilty of possession with intent to deliver. And, as noted, during its

---

[7] Appellant's brief asserts that the sergeant never testified he had any experience dealing with narcotics. The sergeant testified he frequently patrolled the area in which he encountered appellant; he referred to the "drug activity" there; he testified to his practices weighing contraband; and he testified without objection that 10 grams of cocaine was "a lot." Nonetheless, as noted, for purposes of this opinion we will assume without deciding that the court erred by allowing the officer to opine as to the cocaine's value.

argument on punishment, the State's reference was to the 30 to 50 "doses" found in appellant's possession, testimony to which no objection was raised.

Accordingly, we conclude any harm from admission of the $500-value testimony was cured by the admission without objection of similar testimony. We find also fair assurance that any error in admission did not have a substantial and injurious effect or influence on the jury's verdict. *See Garcia v. State,* 126 S.W.3d 921, 927 (Tex.Crim.App. 2004).

We overrule appellant's issues and affirm the judgment of the trial court.


James T. Campbell
Justice


Do not publish.