

# IN THE
# TENTH COURT OF APPEALS

## No. 10-19-00036-CR

ENRIQUE BERNAL,

                                  **Appellant**

 **v.**

THE STATE OF TEXAS,

                                  **Appellee**


### From the 443rd District Court
### Ellis County, Texas
### Trial Court No. 42665CR


## MEMORANDUM OPINION


In one issue, appellant, Enrique Bernal, challenges his conviction for one count of possession of a controlled substance. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115. Bernal complains that the trial court erred when it allowed a witness to testify on an ultimate issue. We will affirm.

Bernal was charged by indictment with one count of possession of a controlled substance alleging that Bernal "intentionally or knowingly possessed a controlled substance, namely, methamphetamine, in an amount of less than one gram."

The case was tried before a jury and at the conclusion of the trial, the jury found Bernal guilty of the offense of possession of a controlled substance as alleged in the indictment. Bernal entered pleas of true to two enhancement allegations and the jury subsequently assessed Bernal's punishment at twenty years' confinement in the Institutional Division of the Texas Department of Criminal Justice.

The trial court certified Bernal's right of appeal. This appeal followed.

In Bernal's sole issue on appeal he complains that the trial court erred when it allowed a witness to testify on an ultimate issue. The State contends Bernal failed to preserve his complaint because the trial objection does not comport with his complaint on appeal.

To preserve error for appellate review, the Texas Rules of Appellate Procedure require that the record show that the objection "stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context." TEX. R. APP. P. 33.1(a)(1)(A). The issue on appeal must comport with the objection made at trial. *Thomas v. State*, 723 S.W.2d 696, 700 (Tex. Crim. App. 1986).

Where the correct ground for an objection is obvious to the judge and opposing counsel, no waiver results from a general or imprecise objection. *Zillender v. State*, 557 S.W.2d 515, 517 (Tex. Crim. App. 1977).

> While no "hyper-technical or formalistic use of words or phrases" is required in order for an objection to preserve an error, the objecting party must still "let the trial judge know what he wants, why he thinks he is entitled to it, and to do so clearly enough for the judge to understand him at a time when the judge is in the proper position to do something about it." *Pena v. State*, 285 S.W.3d 459, 464 (Tex. Crim. App. 2009) (quoting *Lankston* [*v. State*], 827 S.W.2d [907] at 909 [(Tex. Crim. App. 1992)]). In determining whether a complaint on appeal comports with a complaint made at trial, we look to the context of the objection and the shared understanding of the parties at the time. *Lankston*, 827 S.W.2d at 911.

*Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012).

The reporter's record of the trial objection is as follows:

PROSECUTOR: Now, I believe that you said that you found a little baggie of meth in his vehicle, correct?
OFFICER: Yes.
PROSECUTOR: Okay. And it wasn't on his person?
OFFICER: Correct.
PROSECUTOR: Okay. Can you -- can you explain again where you found it?
OFFICER: It was in between the driver's seat and the center console, so in arm's reach.
PROSECUTOR: And Mr. Bernal is sitting in the driver's seat?
OFFICER: Yes.
PROSECUTOR: So do you believe he had care, custody, or control of it?
OFFICER: Yes.
DEFENSE COUNSEL: Objection, Your Honor. Objection, calls for a legal conclusion.
THE COURT: Overruled.
PROSECUTOR: You said "yes" to that question, correct?
OFFICER: Yes.

The question asked by the prosecutor called upon the witness to express his belief whether Bernal "had care, custody, or control" of the methamphetamine. The Texas Health & Safety Code provides that the legal definition of possession is "actual care, custody, control, or management." TEX. HEALTH & SAFETY CODE ANN. § 481.002(38). The act of caring for, having custody of, controlling, or managing, an object is a subject of appropriate inquiry during a trial for possession of a controlled substance. Whether an accused possessed a controlled substance is a question of fact for the jury to decide not a question of law. Bernal's objection on the grounds that the question called for a legal conclusion is not the same as his complaint on appeal that the trial court erred in allowing testimony on an ultimate issue. The trial court only had the opportunity to rule on the objection that a question called for a legal conclusion. The trial court was not put on notice of an objection that the prosecutor's question called for testimony on an ultimate issue at the time of the ruling. We find that Bernal failed to preserve his complaint on appeal.

We therefore overrule Bernal's sole issue. Having overruled Bernal's issue, we affirm the judgment of the trial court.

MATT JOHNSON
Justice

Before Chief Justice Gray*
       Justice Neill, and
       Justice Johnson
Affirmed
Opinion delivered and filed March 3, 2021
Do not publish
[CR25]

*(Chief Justice Gray concurs in the Court's judgment.  A separate opinion will not issue.)

