**Opinion filed December 30, 2021**



## In The

# Eleventh Court of Appeals

_____

## No. 11-19-00406-CR

_____

## JOHNNY DELAGARZA, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 350th District Court**

**Taylor County, Texas**

**Trial Court Cause No. 12953-D**

## M E M O R A N D U M   O P I N I O N

The State charged Appellant, Johnny Delagarza, by indictment with Continuous Sexual Abuse of a Child. *See* TEX. PENAL CODE ANN. § 21.02 (West Supp. 2021). The jury convicted Appellant, and the trial court assessed his punishment at confinement for a term of twenty-five years in the Institutional Division of the Texas Department of Criminal Justice. Appellant presents three issues for our review—all of which relate to a single incident at trial involving the

admission of evidence elicited by the prosecutor. He asserts in his first issue that the evidence that was admitted violated his constitutional right to a fair trial. In his second issue, he asserts that he was excused from having to preserve error at trial because of the nature of the alleged error. In his third issue, he asserts that he suffered harm from the alleged error. We affirm.

*Background Facts*

The underlying proceedings arise from an outcry of sexual abuse. When R.H., the victim in this case, was four or five years old, her mother began dating Appellant. When R.H. was in the fifth grade, she made a general outcry to her school nurse, Jennifer Bourland. The next day R.H. made a specific outcry to Shelley Scott, a forensic interviewer at the Child Advocacy Center (CAC). R.H. alleged that Appellant had sexually abused her on multiple occasions, beginning around the age of four. Scott interviewed R.H. on two occasions, first in March when R.H. made a partial outcry, and again in July when R.H. made additional allegations against Appellant.

At trial, Scott testified as follows:

Q [by the State]: . . . [R.H.] talked to you about Mr. Delagarza getting her things and things like that. What is the term y'all use at the CAC?

A: We would call it grooming.

Q: Okay. And can you explain to the jurors what grooming is?

A: So, sometimes if someone is going to start doing something to a child, then they start kind of treating them special. So, even sometimes if they're siblings or something, they'll treat one differently than everybody else. They'll start buying things for them, letting them do things they normally don't get to do, things like that.

Q: And out of the thousands of interviews you've done, I guess, at the CAC, how common is it for what we call delayed outcry to happen?

2

A: Very common.

Q: Okay. And do you know a percentage or an estimate of what you would think a delayed outcry happened in your interviews?

A: I wouldn't be able to give you a number, but I would just say that it's more common than not that a child delays their outcry. It's not usually an immediate thing.

Q: Okay. And is that something you've seen throughout all your interviews?

A: Absolutely.

Q: Okay. And how about a partial outcry? Is this something that you've seen throughout your interviews?

A: Yes, sir.

Appellant did not object to the testimony at trial, and he did not file a motion for new trial. Appellant now challenges the admission of Scott's testimony about grooming, delayed outcries, and partial outcries with child victims, contending that the testimony is predicated on an unreliable scientific theory that has deprived him of his constitutional right to a fair trial.

*Analysis*

Appellant asserts that the above exchange between the prosecutor and Scott deprived him of his constitutional right to a fair trial as guaranteed by the Due Process Clause of the Fourteenth Amendment. Appellant contends that the admitted testimony was predicated on the psychological theory of "Child Sexual Abuse Accommodation Syndrome" (CSAAS), which Appellant calls an unreliable "pseudoscience." The State contends that the testimony was not based on CSAAS,[1]

---

[1]We note that Scott was never asked about CSAAS, and there is no indication in the record that her testimony was based on CSAAS.

that testimony on grooming[2] and delayed or partial outcries[3] of child victims is accepted in Texas, and that Appellant's complaint is unpreserved.

We first address the threshold issue of whether Appellant preserved his argument for appellate review. Generally, to preserve a complaint for appellate review, a party must make a contemporaneous objection in the trial court. *See Burg v. State*, 592 S.W.3d 444, 448–49 (Tex. Crim. App. 2020) (citing TEX. R. APP. P. 33.1(a)(1)). As noted by the Texas Court of Criminal Appeals, there are two general policies for requiring specific objections: "First, a specific objection is required to inform the trial judge of the basis of the objection and afford him the opportunity to rule on it. Second, a specific objection is required to afford opposing counsel an opportunity to remove the objection or supply other testimony." *Zillender v. State*, 557 S.W.2d 515, 517 (Tex. Crim. App. 1977). "[O]bjections promote the prevention and correction of errors. When valid objections are timely made and sustained, the parties may have a lawful trial. They, and the judicial system, are not burdened by appeal and retrial. When a party is excused from the requirement of objecting, the results are the opposite." *Saldano v. State*, 70 S.W.3d 873, 887 (Tex. Crim. App. 2002).

Appellant contends that his trial attorney did not have to object to the above testimony in order to preserve his complaint for appellant review. Appellant contends that he suffered a "fundamental error" and that we may take notice of the

---

[2] *See Morris v. State*, 361 S.W.3d 649, 655–69 (Tex. Crim. App. 2011) (holding that the legitimacy of "grooming" testimony has been so sufficiently established that it may be "judicially noticed" by looking to decisions of our court and other courts who have addressed the issue.

[3] Testimony about delayed or partial outcries in child victims is widely accepted as within the scope of expert testimony. *See, e.g.*, *Rojas v. State*, No. 02-15-00144-CR, 2016 WL 6648748, at *3–4 (Tex. App.—Fort Worth Nov. 10, 2016, pet. ref'd) (mem. op., not designated for publication) (finding a forensic interviewer was qualified by her education, training, and experience to testify about delayed outcries); *Dotson v. State*, No. 11-03-00013-CR, 2004 WL 1103596, at *3 (Tex. App.—Eastland May 13, 2004, pet. ref'd) (not designated for publication); *Kirkpatrick v. State*, 747 S.W.2d 833, 835-36 (Tex. App.—Dallas 1987, pet. ref'd).

error pursuant to Rule 103(e) of the Texas Rules of Evidence. *See* TEX. R. EVID. 103(e) ("In criminal cases, a court may take notice of a fundamental error affecting a substantial right, even if the claim of error was not properly preserved.").

"All but the most fundamental rights are thought to be forfeited if not insisted upon by the party to whom they belong." *Marin v. State*, 851 S.W.2d 275, 279 (Tex. Crim. App. 1993), *overruled on other grounds by Cain v. State*, 947 S.W.2d 262, 264 (Tex. Crim. App. 1997). Fundamental errors fall into "two relatively small categories of errors: violations of 'rights which are waivable only' and denials of 'absolute systemic requirements.'" *Saldano*, 70 S.W.3d at 888; *see also Proenza v. State*, 541 S.W.3d 786, 792 (Tex. Crim. App. 2017) (quoting *Marin*, 851 S.W.2d at 280) (holding that the phrase "fundamental error" in Rule 103(e) refers to these two categories). A party is not required to preserve a complaint for the violation of these two categories or rights. *Marin*, 851 S.W.2d at 279; *see also Burg*, 592 S.W.3d at 449.

A waivable-only right is one that the trial court has an independent duty to implement unless the record reflects that it has been "'plainly, freely, and intelligently' waived at trial." *Proenza*, 541 S.W.3d at 792 (quoting *Marin*, 851 S.W.2d at 280). Examples of waivable-only rights are the right to the assistance of counsel and the right to a trial by jury. *Saldano*, 70 S.W.3d at 888.

"[A]bsolute requirements and prohibitions," such as personal jurisdiction, subject-matter jurisdiction, and a penal statute's compliance with the Texas Constitution's Separation of Powers provision are "systemic" and "essentially independent of the litigants' wishes." *Proenza*, 541 S.W.3d at 792 (quoting *Marin*, 851 S.W.2d at 279); *see Saldano*, 70 S.W.3d at 888. Absolute requirements and prohibitions cannot be forfeited or validly waived. *Proenza*, 541 S.W.3d at 792; *Marin*, 851 S.W.2d at 279.

Neither of the two fundamental error categories includes the admission or exclusion of evidence. *Saldano*, 70 S.W.3d at 889. As stated by the Texas Court of Criminal Appeals in *Saldano*: "We have consistently held that the failure to object in a timely and specific manner during trial forfeits complaints about the admissibility of evidence. This is true even though the error may concern a constitutional right of the defendant." *Id.*; *see Freeman v. State*, 230 S.W.3d 392, 407–08 (Tex. App.—Eastland 2007, pet. ref'd) (relying on *Saldano*). Because Appellant did not timely object to Scott's testimony on grooming, partial outcries, and delayed outcries, he has not preserved his question for our review.

Appellant attempts to evade the preservation requirement by asserting that the prosecutor, defense counsel, and the trial court, all played a part in permitting the admission of improper evidence. With respect to the prosecutor, we note that, "[o]rdinarily, a conviction is not overturned unless the trial court makes a mistake." *Johnson v. State*, 169 S.W.3d 223, 228–29 (Tex. Crim. App. 2005). Thus, most appellate issues are directed at the conduct of the trial court rather than opposing counsel. In some limited situations, misconduct by the prosecutor can be grounds for overturning a conviction even though the trial court has done nothing wrong. *Id.* at 229 (listing the following examples: if perjured testimony is knowingly used, exculpatory evidence is suppressed, or the prosecutor has a conflict of interest requiring recusal). The conduct of the prosecutor with respect to the evidence that Appellant challenges does not constitute prosecutorial misconduct as contemplated in *Johnson*.

With respect to his trial counsel, Appellant does not assert a claim for ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984). In this regard, he asserts that a claim for ineffective assistance of counsel would not be viable at this juncture because defense counsel's trial strategy does not appear in the record and trial counsel has not had an opportunity to explain her

actions. *See Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005). Appellant has not cited any authority, and we have found none, that permits the conduct of defense counsel to excuse the error preservation requirements short of establishing a claim of ineffective assistance of counsel. To the contrary, the Fort Worth Court of Appeals has noted that a claim of defective trial counsel performance does not constitute fundamental error. *Baker v. State*, No. 02-14-00157-CR, 2015 WL 392640, at *2 n.2 (Tex. App.—Fort Worth Jan. 29, 2015, no pet.) (mem. op., not designated for publication) ("Ineffective assistance of counsel is not listed among those errors considered fundamental.").

With respect to the trial court, Appellant contends that the trial court breached an independent duty to exclude Scott's testimony. Appellant cites to Rule 103(d) of the Texas Rules of Evidence, which provides that "[t]o the extent practicable, the court must conduct a jury trial so that inadmissible evidence is not suggested to the jury by any means." TEX. R. EVID. 103(d).

In *Marin*, the Texas Court of Criminal Appeals noted that we have "an adversarial process in which the trial judge, as institutional referee, enforces rules of contention only when asked to do so by a litigant for whose benefit the rule exists." 851 S.W.2d at 278. The court cited as an example the admission of evidence, noting that the trial judge has no independent duty to exclude inadmissible evidence "on his own." *Id.* A trial court only has the *sua sponte* duty to enforce a waivable-only right. *Proenza*, 541 S.W.3d at 797. As discussed above, the admission or exclusion of evidence does not constitute a waivable-only right. *Saldano*, 70 S.W.3d at 889.

The trial court has no duty to enforce a forfeitable right "unless requested to do so." *Proenza*, 541 S.W.3d at 797 (quoting *Marin*, 851 S.W.2d at 278). Litigants have the burden to assert a forfeitable right, not the trial judge. *Proenza*, 541 S.W.3d at 797. Because the trial court did not have an independent duty to exclude the testimony, and because the exclusion of evidence is not a fundamental error under

7

*Marin*, Appellant was not excused from the requirement to preserve error in the trial court.

Having determined that Appellant was required to preserve error in the trial court, his failure to do so precludes the consideration of his evidentiary complaint on appeal. Accordingly, we overrule Appellant's three issues on appeal.

*This Court's Ruling*

We affirm the judgment of the trial court.


JOHN M. BAILEY

CHIEF JUSTICE


December 30, 2021

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.